## KIDD v. WILSON.

1. **Mechanic's lien: FAILURE TO FILE ACCOUNT.** A failure to file an account of materials furnished by a person claiming a mechanic's lien, with the clerk of the District Court within ninety days, does not, as against the owner, operate to defeat the lien. And it seems that, as against him, the lien would be good though no claim was filed.

2. —— **HUSBAND AND WIFE.** Nor is the fact that the account, filed with the statement for a lien against property owned by the wife, was made out against the husband alone, sufficient to prevent the enforcement of the lien against them both, when the notice of the lien thus filed, correctly described the property and claimed its enforcement against both husband and wife.

3 —— **LIABILITY OF WIFE.** Where a petition for the enforcement of a mechanic's lien, averred, that plaintiff furnished the materials at the request of the husband as agent of the wife, in whom the title to the property was, and for her use and benefit, and with her knowledge and consent, for which they agreed to pay, it was *held*, that it sufficiently appeared from these averments, that plaintiff furnished the materials upon a contract with the wife through her agent, and that the lien therefor should be enforced as well against her as her husband.

*Appeal from Bremer District Court.*

WEDNESDAY, DECEMBER 18.

THE petition claims of both defendants a judgment for $155.60, and a mechanic's lien upon certain lots in the town of Janesville, and the house situated thereon; and

for cause of such claim states: That on or about the 12th of May, 1866, plaintiff furnished to the defendants, materials in the erection of said house, to the value of, etc., a bill of which is annexed, etc., at the request of W. L. Wilson, the husband, as agent for the other defendant, his wife, for her use and benefit, and with her knowledge and consent, and for which they agreed to pay, etc.; that c ι the 11th of September, 1866, he filed in the office of the clerk, etc., his claim for a mechanic's lien upon, and with a true description of said property, with a true and just account of his demand duly verified, etc. It is also averred that this property, when the materials were furnished and the lien filed, belonged to the wife.

A copy of the claim filed with the clerk is attached to the petition, and shows that it was duly verified September 8, 1866; and the only claimed defect is, that the account for the materials is made out in the name of the husband, while the lien is claimed against both.

To this petition the wife demurred: First, because it does not appear that the materials were furnished upon any contract with her. Second, no contract averred to furnish the materials for the house in question. Third, does not state that the husband was the agent of the wife. Fourth, no proper lien filed with the clerk. Fifth, no facts making said defendant liable.

The demurrer was sustained, plaintiff excepted and appeals.

*W. T. Barker* for the appellant.

*Ruddick & Avery* for the appellee.

WRIGHT, J. — Upon what ground or grounds this demurrer was sustained, does not appear from the record. 1. MECHANIC'S Nor do counsel state in their argument. We LIEN: failure to file account. understand that it is insisted that the petition

is obnoxious to each and all of the objections stated. They may be examined briefly, for in our opinion neither of them are well taken.

The failure to file " a just and true account of the demand" with the clerk within ninety days, did not operate to defeat the lien against the owners. Rev. § 1851, as amended by ch. 11, Laws 1862, p. 127.

Nor does the fact that the account annexed, omitted the name of the wife, make any difference. The notice of lien thus filed, described the property fully and correctly, and claimed it against both of them. And though no such claim or demand had been filed, the lien would have been good as against the owner. The law, as it now stands, only requires such notice as against third persons, incumbrancers and purchasers. And see *Noel* v. *Temple*, 12 Iowa, 276.

It is averred, as appears by the statement preceding this opinion, that plaintiffs furnished the materials for the erection of the house upon which the lien is claimed; that they were furnished at the request of W. L. Wilson, as agent for appellee, for her use and benefit, and with her knowledge and consent, and for which they agreed to pay the amount claimed, etc. And thus it appears, giving to the language used a reasonable intendment and construction—the law requires that we shall give to every pleading a liberal construction, with a view to substantive justice (Rev. § 2951; and see *Allen* v. *Patterson*, 3 Seld. 476; *Mann* v. *Morewood*, 5 Sandf. 577)—that plaintiff furnished these materials for the erection of this house, upon a contract with the wife, through her agent. The averment that they were furnished at the request of the husband, " as the agent of the wife," shows *prima facie* his right to thus bind her. And especially so, when it is further averred that the materials were furnished for her use and benefit, with

2 —— husband and wife.

3 —— liability of wife.

her knowledge and consent, for which they agreed to pay, etc.

" So that we feel bound to conclude that the petition, though not the most formal, is substantially good; that if the averments therein contained are true, as conceded by the demurrer, plaintiff would be entitled to the relief asked, and that in holding it insufficient, the court below erred. See *Cotes & Davies* v. *Shorey*, 8 Iowa, 416; *Jones* v. *Swan*, 21 Id. 181.

Reversed.