SQUIER ET AL V. PARKS ET AL.

1. **Mechanic's Lien**: STATUTE OF LIMITATIONS: WHEN IT BEGINS TO
RUN. Section 2529 of the Code, in fixing the time within which an ac-
tion to enforce a mechanic's lien may be brought, has reference to the
thirty or ninety days allowed for the filing of claims by sub-contractors
and contractors respectively under the mechanic's lien law, and the
statute begins to run against an action at the expiration of such time,
if the claim is not sooner filed.

| 56 | 407 |
| 83 | 433 |
| 56 | 407 |
| 84 | 604 |
| 56 | 407 |
| 92 | 431 |
| 56 | 407 |
| 102 | 215 |
| 56 | 407 |
| 105 | 607 |

*Appeal from Taylor District Court.*

FRIDAY, JUNE 17.

THE plaintiffs bring this action to recover the amount of
five promissory notes, executed by the defendant, William C.
Parks, to the plaintiffs, and to foreclose a mortgage, executed
to secure said notes, dated May 7th, 1875. The defendants,
Goodsill Brothers, Anderson & Company, on the 18th day of
February, 1880, filed an answer and cross bill for the fore-
closure of a mechanic's lien, filed on the first day of October,
1879, for lumber furnished to make improvements on the
mortgaged premises, the last item of account being furnished
November 17th, 1876. The defendants ask that the mechan-
ic's lien be foreclosed and be declared superior to the lien of
the plaintiffs' mortgage as to the building and improvements.
The plaintiffs demurred to the answer and cross bill as fol-
lows:

"1. That the cause of action as sought to be brought
by the defendants shows on its face that it is barred by
the statute of limitations, in this, that the date of the last
item in said account was November 17th, 1876, and that
was over three years before the action was commenced.

" 2. That it is true that the said lien was filed within two
years last past, viz: on October 1st, 1879, but the statute of
limitations cannot be prolonged by the act of the plaintiff.

" 3. That having had two years to bring their action and

foreclose their lien, and failing to do so, the action is fully barred."

This demurrer was overruled. The plaintiffs refusing to further plead, a decree was entered against them in favor of Goodsill Brothers, Anderson & Co., as prayed in their cross-bill. The plaintiffs appeal.

*Crum & Haddock*, for the appellants.

*Lyman Evans*, for Goodsill Bros., Anderson & Co.

DAY, J.—Section 2133 of the Code provides that a verified statement of the account, and description of the property

1. MECHANIC'S LIEN: statute of limitations: when it begins to run.

to be charged with the lien, shall be filed with the Clerk of the District Court, by a principal contractor within ninety days, and by a sub-contractor within thirty days from the date of furnishing the last of the material or performing the last of the labor. It is further provided that a failure to file the statement within the time prescribed shall not defeat the lien, except as against purchasers or incumbrancers in good faith, whose right accrued after the thirty or ninety days, and before any claim for the lien was filed. The mortgage to plaintiff was not executed after ninety days from the furnishing of the last item of account and before the statement for a lien was filed. The plaintiffs, therefore, are not entitled to protection as incumbrancers under the provisions of section 2133 above referred to. The cross-bill to foreclose the lien was filed about four and one-half months after the statement for the lien was filed, but the statement for the lien was not filed until nearly three years after the last item of account was furnished. Section 2529 of the Code provides that actions to enforce a mechanic's lien must be brought within two years from the time of filing the statement in the clerk's office. The question involved in the case is the following: " Under section 2529 of the Code, may an action to enforce a mechanic's lien be brought within two years from the time of filing the state-

Squier v. Parks.

ment in the clerk's office, although such statement be not filed until after the expiration of ninety days from the furnishing of the last item of the account." In order to a correct determination of this question sections 2133 and 2529 must be construed together, and as limiting and qualifying each other. For, if they are to be construed independently of each other, the claim for a lien, where no intermediate purchasers or incumbrancers are concerned, may be filed at any time, and the action brought within two years thereafter, thus enabling a party at pleasure to make the statute of limitations for the foreclosure of a mechanic's lien coextensive with the statute of limitations upon an open account. Besides, we have held that as between the contractor and the owner the lien exists and may be enforced without the filing of any statement for a lien. See *Neilson v. Iowa Eastern R'y Co.*, 51 Iowa, 184. If the statute of limitations begins to run from the actual filing of the lien, it follows that, as between the contractor and the owner, the contractor can always bring about a condition in which there will be no statute of limitations for the foreclosure and enforcement of his lien, by simply neglecting to file a statement for a lien, and can always bring his action under the general statute of limitations. Section 2133 of the Code fixes a definite time for the filing of a statement for a lien. The definite time thus fixed is in the case of a principal contractor ninety days, and of a sub-contractor thirty days, from the last item of account. We think section 2529 of the Code in prescribing the period of limitation has reference to the definite time thus established. The statement may be filed at any subsequent time, if no rights of third parties intervene, provided it is filed so that an action to enforce it may be brought within two years from the definite time of thirty or ninety days from the last item of account, from which time the statute begins to run if no statement is filed within that time.

This very question, as we understand, was determined in *Gilcrest v. Gottschalk*, 39 Iowa, 311. For, whilst it is true

the action to foreclose the lien was not brought until after the expiration of nine months from the time of filing the first statement for a lien, yet another statement for a lien was filed, and the action was brought within nine months of that time. No inquiry was made as to the right to file a second statement for a lien, but the decision was placed upon the broad ground that a party cannot extend the statute of limitation, by neglecting to file his lien within the thirty or ninety days prescribed. The determination in *Hintrager v. Hennessy*, 46 Iowa, 600, is also in harmony with our conclusion in this case. In that case it was held that a party could not prevent the running of the statute of limitations for the recovery of land sold at tax sale, by neglecting to take a deed when he became entitled to it.

The demurrer to the defendants' cross-bill should have been sustained.

REVERSED.