Henry G. Dawson *et al.*                                    |484:68 Fed 7

*v.*

David A. Black.

*Filed at Ottawa November 29, 1893.*

1.  Mechanic's lien — *statute construed — word "may."* The word "may," in section 4 of the Mechanic's Lien law, which provides that any person having filed a claim for a lien, as provided therein, may bring suit at once to enforce the same, etc., does not mean "shall," but, on the other hand, that word, as used, allows the petitioner to bring suit at once if the debt is then due ; if not then due, suit may afterward be brought when the debt matures.

2.  Same—*lien arises out of the original contract.* Under section 1 of the Lien law the lien grows out of the contract, express or implied, or partly expressed and partly implied, with the owner of the premises ; and the lien attaches from the date of the contract, and depends upon the provisions which the contract makes as to the time of payment, and not upon the notes which may be afterward given.

3.  After the work has been completed and the last payment becomes due, as provided in the contract under which the materials were furnished or labor performed, then the contractor has four months in which he is required to file a statement of his claim, as declared in section 4. If the contractor has, by any subsequent agreement with the owner of the premises. extended the time of payment to some future day, that fact will not deprive him of the right to file his claim within the four months, nor does it relieve him of the duty to do so, as the statute requires a just and true statement of the account to be filed within four months after the last payment is due.

4.  Same—*limitation.* Section 28 of the act provides that no creditor shall be allowed to enforce a lien against any other creditor or incumbrancer or purchaser unless a claim for a lien shall have been filed with the clerk of the circuit court within four months after the last payment shall have become due. This provision has reference to the time when payment becomes due by the terms of the contract entered into between the parties, out of which the lien arose.

5.  The contractor, after having filed a just and true statement of the account, is not compelled to institute a suit at once to enforce the lien, but by the express terms of the last clause of section 28 he may do so at any time within two years after filing the statement.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. C. Collins, Judge, presiding.

Messrs. Weigley, Bulkley & Gray, for the appellants:

When the contract to perform labor is made, the lien attaches. *Clark* v. *Moore,* 64 Ill. 273; *Thielman* v. *Carr,* 75 id. 385; *Hickox* v. *Greenwood,* 94 id. 266; *Paddock* v. *Stout,* 121 id. 571; *Stout* v. *Sower,* 22 Ill. App. 65; *Freeman* v. *Arnold,* 39 id. 216; Starr & Curtis' Stat. chap. 82, sec. 2.

The lien continues from that time, "unless appellees (appellants here) do some act by which it was waived or lost." *Clark* v. *Moore,* 64 Ill. 273; *Stout* v. *Sower,* 22 Ill. App. 65.

The lien is so firmly attached that even a destruction of the premises by fire in no manner affects it. *Gaty* v. *Casey,* 15 Ill. 189; *Sontag* v. *Brennan,* 75 id. 279; *Paddock* v. *Stout,* 121 id. 571; *Stout* v. *Sower,* 22 Ill. App. 65.

By taking the note of the owner of the premises who incurred the debt, the petitioner does not waive his lien, such note serving to liquidate the demand. *Paddock* v. *Stout,* 121 Ill. 571; *Brady* v. *Anderson,* 24 id. 110; *Van Court* v. *Bushnell,* 21 id. 624; *Meeks* v. *Simms,* 84 id. 422.

This is so even though the original note be renewed by another. (*Chisholm* v. *Williams,* 128 Ill. 115; *Chisholm* v. *Randolph,* 21 Ill. App. 312.) Or though the note should bear interest. (*Brady* v. *Anderson, supra.*) Or even though the note has been sold. (*Chisholm* v. *Randolph, supra.*) Or even if it has been disposed of as collateral. *Friedman* v. *Radwick,* 20 Ill. App. 622; *Major* v. *Collins,* 11 id. 688.

The only restrictions are that the note must be surrendered when the lien is enforced, (*Coal Co.* v. *Manufacturing Co.* 128 Ill. 627,) and the note must be due before action is brought. *Cox* v. *Kaiser,* 15 Ill. App. 432; *Stout* v. *Sower,* 22 id. 65.

An agreement to extend the time waives nothing more than the time of performance. *Nibbe* v. *Brauhn,* 24 Ill. 268; *Paddock* v. *Stout,* 121 id. 571; *Stout* v. *Sower,* 22 Ill. App. 65.

Even the lien may be waived as to some and not as to others. *Paulson* v. *Manske*, 126 Ill. 72.

Mr. Louis Boisot, Jr., for the appellee:

A mechanic's lien filed before the time limited for filing liens is premature, and of no effect. *Davis* v. *Bullard*, 32 Kan. 234; *Seaton* v. *Chamberlain*, id. 239; *Conroy* v. *Perry*, 26 id. 472; *Catlin* v. *Douglas*, 33 Fed. Rep. 569; *Roylance* v. *Hotel Co.* 74 Cal. 276; *Schwartz* v. *Knight*, id. 432; 2 Jones on Liens, sec. 1430; *Kinney* v. *Hudnut*, 2 Scam. 472; *Squires* v. *Abbott*, 61 N. Y. 530; *King* v. *Greenway*, 71 id. 413.

Under the Illinois statute a lien claim can not be filed until the debt is due. 3 Starr & Curtis, p. 822, sec. 28.

Taking a note for a pre-existing debt extends the time of payment of such debt until the maturity of the note. *Cox* v. *Kaiser*, 15 Ill. App. 432; *Happy* v. *Mosher*, 48 N. Y. 313; *Black* v. *Zacharie*, 3 How. 483; *McCrary* v. *Carrington*, 35 Ala. 698; *Wilbur* v. *Jernegan*, 11 R. I. 113; *Smith* v. *Owens*, 21 Cal. 11; *Hall* v. *Richardson*, 16 Md. 396; *Ehlers* v. *Elder*, 51 Miss. 495; *Iron Co.* v. *Railway Co.* 47 Minn. 207; 18 Am. and Eng. Ency. of Law, 177.

Mr. Justice Craig delivered the opinion of the Court:

This was a petition for a mechanic's lien, brought by Henry G. Dawson and William R. Dawson, against Samuel U. Anderson, Robert J. Anderson and David A. Black.

There is no dispute in regard to the facts presented by the record. They are, in substance, as follows: July 10, 1891, the contract in controversy was entered into between the petitioners and Samuel U. and Robert J. Anderson. August 7, 1891, the work was commenced, and August 19, 1891, the work was completed. October 19, 1891, (being sixty days after the completion of the work,) in accordance with the terms of the contract, the money agreed to be paid ($152) became and was due. November 9, 1891, Robert J. and Samuel U.

Anderson, with whom petitioners made the contract, gave their note to petitioners for $152, in settlement of the contract, being the amount due for the work, which note was made due and payable ninety days after date.   December 14, 1891, the statement for a lien was filed in the clerk's office.   January 9, 1892, appellee, Black, purchased the property of Samuel U. and Robert J. Anderson, the conveyance being made by warranty deed.   February 9, 1892, the note in question became due.   August 9, 1892, the petition for a lien was filed.

It is admitted upon the record "that the petitioners performed their contract, and on the 19th day of October, 1891, had a lien upon the premises in controversy for the amount then due and unpaid—$152; that upon November 9, 1891, (the debt being then twenty days past due,) they accepted a note, which extended the time of the payment ninety days from November 9, 1891, and that before this extended time of payment had expired, and within four months from the time the money became due under the original contract, the petitioners filed a statement of their claim with the clerk of the circuit court, as provided by statute."   But the Appellate Court held, that as the debt was not due when the claim was filed, the filing was not a compliance with the statute, so as to prevent the running of the limitation therein contained, and hence petitioners were not entitled to enforce the lien provided by the statute.   The judgment was predicated on the construction placed by the court on sections 4 and 28 of the Lien law of 1874, as amended by the act of May 31, 1887.   These sections are as follows:

"Sec. 4.   Every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the circuit court of the county in which the building, erection or other improvement to be charged with the lien is situated, a just and true statement or account or demand due him, after allowing all the credits, setting forth the time when such material was furnished or labor performed, and contain-

ing a correct description of the property to be charged with the lien, and verified by an affidavit. Any person having filed a claim for lien, as provided in this section, may bring suit at once to enforce the same, by bill or petition, in any court of competent jurisdiction in the county where the claim for a lien has been filed.

"Sec. 28. No creditor shall be allowed to enforce a lien created under the provisions of this act, as against or to the prejudice of any other creditor or incumbrancer or purchaser, unless a claim for a lien shall have been filed with the clerk of the circuit court, as provided in section 4 of this act, within four months after the last payment shall have become due and payable. Suit shall be commenced within two years after filing such claim with the clerk of the circuit court, or the lien shall be vacated."

It will be observed that the last clause of section 4 provides that any person having filed a claim for a lien, as provided in this section, may bring a suit at once to enforce the same, by bill or petition, etc., and from this language it is contended, that as a suit is required to be brought at once upon the filing of the claim, the claim must, of necessity, be due when filed. We do not think the word "may," as used in section 4, means "shall," but, on the other hand, the word, as used, allows the petitioner to bring suit at once if the debt was then due; if not, suit may afterwards be brought when the debt matures. As has been seen, section 28 provides that no creditor shall be allowed to enforce a lien, as against any other creditor or incumbrancer or purchaser, unless a claim for a lien shall have been filed with the clerk of the circuit court within four months after the last payment shall have become due. Manifestly, this provision has reference to the time payment becomes due by the terms of the contract entered into by and between the parties, out of which the lien arose. Under section 1 of the Lien law the lien grows out of a contract, express or implied, or partly expressed and partly implied, with the owner of the

premises, and, as held in *Paddock* v. *Stout,* 121 Ill. 571, the lien attaches from the date of the contract, and depends upon the provisions which the contract makes as to the time of payment, and not upon the notes which may afterwards be given. After the work has been completed and the last payment becomes due, as provided in the contract under which the materials were furnished or labor performed, then the contractor has four months in which he is required to file a statement of his claim, as declared in section 4. If, however, the contractor has, by any subsequent agreement with the owner of the premises, extended the time of payment to some future day, that fact does not deprive him of the right to file his claim within the four months, nor does it relieve him of the duty to do so, as the statute in plain terms requires a just and true statement of the account to be filed within four months after the last payment is due. The contractor, after having filed a just and true statement of the account, is not compelled to institute a suit at once to enforce the lien, but by the express terms of the last clause of section 28 he may do so at any time within two years after the filing of the statement. Here, under the contract, the debt became due October 19, 1891, and the statement was filed December 14,—less than two months after the debt was due. This we regard as a compliance with the statute.

. We have been referred to decisions in other States, but as these decisions are predicated on statutes different from ours, they can not be regarded as authority which should control the decision of this case.

We think the petitioners, under the facts disclosed by the record, were entitled to a lien, and the circuit court erred in dismissing the petition, and the Appellate Court erred in affirming the judgment of the circuit court.

The judgments of the Appellate and circuit courts will be reversed, and the cause remanded to the circuit court.

*Judgment reversed.*