WISCONSIN TRUST CO. v. ROBINSON & CARY CO.

(Circuit Court of Appeals, Eighth Circuit. June 3, 1895.)

No. 553.

1. MECHANICS' LIENS—PRIORITY—NORTH DAKOTA STATUTE.

The statute of North Dakota relating to mechanics' liens (Comp. Laws, § 5476) provides that the claimant of a lien may file a statement of his account with the clerk of the district court within 90 days after the completion of the work, but that a failure to file such account within the time shall not defeat the lien, "except against purchasers or incumbrancers, in. good faith, without notice, whose rights accrued after the 90 days and before any claim for the lien was filed." *Held*, that a lien, the account and claim for which is filed more than 90 days after the completion of the work, is superior to a mortgage made and filed within such 90 days.

2. SAME—EFFECT OF TAKING NOTES.

The holder of a mechanic's lien, who takes, for his account, notes of his debtor, maturing within the time allowed for foreclosure of the lien, which he discounts, and afterwards pays, does not thereby waive or lose his rank as a lienholder, or his right to file and enforce his claim to a lien.

Appeal from the Circuit Court of the United States for the District of North Dakota.

Edgar W. Camp, for appellant.

John S. Watson (W. F. Ball, on the brief), for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. In this case the Wisconsin Trust Company, a corporation, and a mortgagee, appeals from a decree of the circuit court for the district of North Dakota foreclosing a mechanic's lien of the Robinson & Cary Company, a corporation, upon the mortgaged property, and adjudging it to be superior to the lien of the mortgage. The mechanic's lien is a creature of the statute. The provisions of the statutes of North Dakota material to the determination of the questions presented in this case are:

"Sec. 5469. Every mechanic, or other person who shall do any labor upon, or furnish any materials, machinery or fixtures for any building, erection or other improvements upon land, * * * by virtue of any contract with the owner, * * * upon complying with the provisions of this chapter, shall have for his labor done, or materials, machinery, or fixtures furnished, a lien upon such building, erection or improvement, and upon the land belonging to such owner, on which the same is situated, to secure the payment of such labor done, or materials, machinery, or fixtures furnished."

"Sec. 5476. Every person, except as has been provided for subcontractors, who wishes to avail himself of the provisions of this chapter, may file with the clerk of the district court of the county, * * * in which the building, erection or other improvement to be charged with the lien is situated, and within ninety days after all the things aforesaid shall have been furnished or the labor done, a just and true account of the demand due him after allowing all credits, and containing a correct description of the property to be charged with said lien, and verified by affidavit; but a failure to file the same within the time aforesaid shall not defeat the lien, except against purchasers, or incumbrancers in good faith, without notice, whose rights accrued after the ninety days and before any claim for the lien was filed."

Comp. Laws Dak. 1887, c. 31, pp. 934, 935.

The appellee did not file its account and claim for a mechanic's lien within 90 days of the completion of the performance of its

contract for the materials it furnished for the mortgagor, but first filed such an account about 8 months after it completed the performance of its contract. About 60 days after that contract was completed, the appellant loaned to the mortgagor about $22,000, and took and recorded its mortgage to secure the payment of the loan. At the time it completed its contract the appellee took promissory notes of the mortgagor for its account, which it discounted, and subsequently paid, before it filed its account and claim of lien. It produced and offered to surrender these notes at the trial.

These facts present two questions for determination. They are: (1) Does the holder of a mechanic's lien in the state of North Dakota, who first files his account and claim of lien more than 90 days after he completes the performance of his contract, lose his priority of lien over a mortgage that is made and filed within the 90 days? And (2) does the holder of a mechanic's lien, who takes for his account the promissory notes of his debtor, maturing within the time allowed for the foreclosure of the lien, and discounts them, thereby waive or lose his rank as a lienholder, or his right to file and enforce his claim to a lien? The first of these questions involves a construction of the statutes we have cited. The second is a question of general law.

No argument or exposition can make the purpose or effect of the provisions of the statutes clearer than their own words. These provisions give to every laborer upon, and to every person who furnishes materials or machinery for, a building, pursuant to a contract with the owner, a lien upon the building and the land of the owner upon which it stands for the labor he performs or the materials or machinery he furnishes. As against the owner, and all parties claiming under him whose rights accrue within 90 days after the performance of the contract of the lienor has been completed, they make the performance of the labor or the furnishing of the materials or machinery the only prerequisite to the existence and enforcement of the lien. They provide, it is true, that the lienor may file his account and claim of lien within 90 days after he has completely performed his contract, but the only purpose of that filing is to preserve the lien as against purchasers and incumbrancers without notice, whose rights accrue after the 90 days. Its filing, or the failure to file it, in no way affects the lien as against the owner, or as against the purchasers or incumbrancers whose rights accrue within the 90 days. The statute expressly declares that "a failure to file the same within the time aforesaid shall not defeat the lien, except against purchasers, or incumbrancers in good faith, without notice, whose rights accrued after the ninety days and before any claim for the lien was filed." The theory and reason of the statute are that during the construction of the new building or improvement, and for 90 days thereafter, the new building or improvement itself shall be notice to all purchasers and incumbrancers of the lien upon it, and that all who take any title to or mortgages upon the land on which it stands during this time shall take the title cum onere, and with constructive notice of every mechanic's lien that has attached to it. It is for this reason that the statute does

not require the filing of any account to preserve the lien against them, and declares that the omission to file it shall not defeat the lien except against purchasers and incumbrancers in good faith whose rights accrue after the 90 days have expired. The rights of the appellant, the mortgagee in this case, did not accrue after, but accrued before, the expiration of the 90 days, and consequently it was not within the class of purchasers and incumbrancers excepted by the statute; and the omission by the appellee to file its account and claim of lien during the 90 days did not defeat or affect its lien as against this mortgagee. Our conclusion is that the failure of the holder of a mechanic's lien to file his account within 90 days after the completion of the performance of his contract under sections 5469 and 5476 of the Compiled Laws of Dakota, 1887, will not defeat his lien or its priority as against the mortgage made and recorded within 90 days. Hill v. Building Co. (S. D.) 60 N. W. 752, 757; Sarles v. Sharlow, 5 Dak. 100, 109, 37 N. W. 748; Evans v. Tripp, 35 Iowa, 371, 372; Kidd v. Wilson, 23 Iowa, 464; Noel v. Temple, 12 Iowa, 276, 281; Neilson v. Railway Co., 44 Iowa, 71, 73; Curtis v. Broadwell (Iowa) 24 N. W. 265, 266; Hoskins v. Carter (Iowa) 24 N. W. 249; Doolittle v. Plenz (Neb.) 20 N. W. 116.

Since it was unnecessary for the appellant to file any account or claim of lien in order to preserve the priority of its lien upon this property as against the appellee, the only remaining question in this case is whether or not the acceptance and discount of the promissory notes taken for the account which was secured by the lien destroyed the lien. This question is too well settled by the consensus of judicial reasoning and authority to warrant extended discussion. Statutes securing upon buildings and improvements the wages of the labor and the value of the materials bestowed upon them are and ought to be liberally construed. The labor and material once bestowed lose all their value to the laborer or material man. He cannot take them back. They enhance the value of the property on which they are bestowed, and its owner, and those who take under him, receive all the benefits of this labor and material. Under such circumstances, justice and equity demand that the lien of the laborer or material man for his wages or for the value of his material should be maintained to the full extent to which the statutes give it. No reason occurs to us why a lienor who takes a promissory note for his account under an arrangement that the note is not accepted as payment, but that it will be credited when paid (and that was the arrangement under which the appellant took the notes in this case), should be held to thereby release or destroy his lien. The book account is an evidence of indebtedness. The note taken for the account is merely another form of evidence of the same debt, and it is secured by the same lien. The note may suspend the right to enforce the lien, but if it matures within the time allowed by the statute for foreclosure it is not perceived why the lien may not be then enforced. Nor is there anything in the act of discounting the note that ought to discharge or destroy the lien. The indorsement and transfer of the note may be an equitable assignment of the lien, but the legal title to it still remains in the lienor. There is no

doubt that the payment of the note would constitute a complete defense to the enforcement of the lien, just as the payment of a mortgage note to an indorsee would be a complete defense against the mortgage. But this fact does not destroy or affect the security of the lien or of the mortgage while the note still remains unpaid. While a note given for an account that is secured by a mechanic's lien remains in the hands of the indorsee the maker owes the debt to him, and the indorser stands bound to pay the note if the maker does not. The lien is held by the indorser to secure the performance of both these contracts, and it inures to the benefit of him who first performs. If the maker pays the note, he thereby procures the benefit of the lien, and may have it discharged. If the note is protested, and the indorser is compelled to take it up and pay it, that payment effects a reassignment to him of the equitable interest in the lien, and gives him the right to enforce it for his own benefit upon a surrender of the note. These views appeal to the reason with such compelling force, and have been so often expressed by the courts, that it would be a work of supererogation to do more than to state them, and our conclusion is that the acceptance and discounting by the holder of a mechanic's lien of promissory notes taken for the account secured by the lien, which mature within the time limited for its enforcement, do not destroy the lien, or subordinate it to a subsequent mortgage. Hill v. Building Co. (S. D.) 60 N. W. 752, 755; Bank v. Schloth, 59 Iowa, 316, 13 N. W. 314, 317; Smith v. Johnson, 2 MacArthur, 481; Miller v. Moore, 1 E. D. Smith, 739; Farwell v. Grier, 38 Iowa, 83; Sweet v. James, 2 R. I. 270; McMurray v. Taylor, 30 Mo. 263; Goble v. Gale, 7 Blackf. 218; Graham v. Holt, 4 B. Mon. 61; Dawson v. Black, 148 Ill. 484, 36 N. E. 413; Phillips, Mech. Liens, § 278.

The decree below must be affirmed, with costs, and it is so ordered.