# MOREAU LUMBER COMPANY, a Corporation, v. JAMES B. JOHNSON.

## (— L.R.A. —, 150 N. W. 563.)

Plaintiff sold defendant building material used in construction of buildings upon an unproven government homestead. Within ninety days after furnishing said material, defendant filed his petition in voluntary bankruptcy in the Federal court, and was adjudged a bankrupt. The amount owing for such building materials was scheduled among his debts. Thereafter, and ninety-three days after furnishing the last item of materials, plaintiff filed its mechanics' lien on the buildings. Subsequently defendant was discharged in bankruptcy. He pleads it as his only defense. *Held:*

**Bankruptcy — filing of petition — adjudication — mechanics' lien — inchoate right — statement for lien.**

1. The filing of the petition and adjudication of bankruptcy did not defeat the right of plaintiff to, subsequently and after the expiration of the ninety-day period, perfect its inchoate mechanics' lien by the filing of a lien statement.

**Trustee in bankruptcy — rights of — subordinate to right of mechanics' lien — right to file — property right — may file after period.**

2. Any rights of the trustee in bankruptcy, or defendant under such trustee are subordinate to the prior rights of plaintiff under his mechanics' lien, the right to file which, at the time of the institution of bankruptcy proceedings, was a property right in plaintiff, and was not thus devested, and did not subsequently lapse or become defeated by the mere expiration of the ninety-day period, but, instead, is by the terms of the statute saved to plaintiff; and it may thereafter perfect and perpetuate its lien by filing its lien statement, and after the doing of which the lien remains a prior lien to any right acquired by the trustee, or that subsequently acquired by the bankrupt.

**Foreclosure of lien — proceeds — application of — deficiency judgment — lien debt — sale of property — after — not allowed.**

3. Judgment in foreclosure is awarded that the property may be sold and the proceeds applied in payment of the amount secured by the lien, with

Note.—The few cases which have passed upon the question of the effect of a discharge in bankruptcy on a mechanics' lien, which are collated in a note in 42 L.R.A.(N.S.) 296, are in harmony with the holding in MOREAU LUMBER Co. v. JOHNSON.

29 N. D.—8.

costs, but no deficiency judgment as on the lien debt will be entered against defendant after sale of the property.

Opinion filed December 12, 1914.

Appeal from the District Court of Hettinger County, *Crawford,* Judge.

Reversed. Judgment directed.

*Charles Simon* and *James M. Brown,* for appellant.

This is an action *in rem* and no personal judgment against defendant is sought. Plaintiff had the right to claim and file its statement for mechanics' lien, even after defendant had been adjudged a bankrupt. Its lien was superior to any claim of the trustee in bankruptcy. First International Bank v. Lee, 25 N. D. 197, 141 N. W. 716; Burcell v. Goldstein, 23 N. D. 257, 136 N. W. 243.

The failure to file the lien within the ninety-day period does not defeat the right to claim and file the lien, so long as the person who bought and used the materials continues to be the owner of the property where they were used by him. Rev. Codes 1905, § 6240; Robertson Lumber Co. v. State Bank, 14 N. D. 511, 105 N. W. 719.

The right to a mechanics' lien is a property right. It existed from the making of the contract and delivery of the materials. Mattley v. Wolfe, 175 Fed. 619; Collier, Bankr. 7th ed. 762; Remington, Bankr. § 1154.

The trustee takes the property of the bankrupt, not as an innocent purchaser, but as the debtor had it at the time of his petition, subject to all valid claims, liens, and equities. Zartman v. First Nat. Bank, 216 U. S. 134, 54 L. ed. 418, 30 Sup. Ct. Rep. 368; Thompson v. Fairbanks, 196 U. S. 516, 49 L. ed. 577, 25 Sup. Ct. Rep. 306; Re MacDougall, 175 Fed. 400; York Mfg. Co. v. Cassell, 201 U. S. 344, 50 L. ed. 782, 26 Sup. Ct. Rep. 481.

He is never a purchaser or encumbrancer in good faith and for value, whose rights accrued after the ninety days and before the lien was filed. John P. Kane Co. v. Kinney, 174 N. Y. 69, 66 N. E. 619; Hewit v. Berlin Mach. Works, 194 U. S. 296, 48 L. ed. 986, 24 Sup. Ct. Rep. 690; Thompson v. Fairbanks, 196 U. S. 516, 49 L. ed. 577, 25 Sup. Ct. Rep. 306; Security Warehousing Co. v. Hand, 206 U. S.

415, 51 L. ed. 1117, 27 Sup. Ct. Rep. 720, 11 Ann. Cas. 789; Coder v. Arts, 213 U. S. 223, 53 L. ed. 772, 29 Sup. Ct. Rep. 436, 16 Ann. Cas. 1008; Re Hersey, 171 Fed. 1004; Collier, Bankr. 9th ed. 944, 945; Remington, Bankr. §§ 1154 and 1155, pp. 681, 682; Re Grissler, 69 C. C. A. 406, 136 Fed. 754; Re Robinson, 83 C. C. A. 121, 154 Fed. 343; Re Emslie, 42 C. C. A. 350, 102 Fed. 292.

*A. C. Lacy* and *Edgar E. Sharp,* for respondent.

Pleadings should be liberally construed with a view to substantial justice. Rev. Codes 1905, § 6869.

The trustee must be treated as an encumbrancer in good faith and for value from the date of the adjudication in bankruptcy. Teller v. Hill, 18 Colo. App. 509, 72 Pac. 811; Kelsey v. Remer, 43 Conn. 129, 21 Am. Rep. 638.

The act, by the amendment, is given the same force as the seizure of the property under execution or attachment by a creditor, and cannot be given any retroactive effect. Arctic Ice Mach. Co. v. Armstrong County Trust Co. 112 C. C. A. 458, 192 Fed. 114; Hart v. Emerson-Brantingham Co. 203 Fed. 60; Re Nuckols, 201 Fed. 437; Re Farmers' Supply Co. 196 Fed. 990; Re Dancy Hardware & Furniture Co. 198 Fed. 336.

By failing to file the statement within the ninety days they waived their right to claim the lien. Bastien v. Barras, 10 N. D. 29, 84 N. W. 559.

A petition in bankruptcy is a caveat to all the world, and is, in effect, an attachment or injunction. Mueller v. Nugent, 184 U. S. 1, 46 L. ed. 405, 22 Sup. Ct. Rep. 269.

Goss, J. This is an action to foreclose a mechanics' lien for $625.18, interest and costs. The material was sold to a homestead entryman, and used in the construction of a dwelling house and granary upon his unproven government homestead entry in Hettinger county. Final proof has not been made. The last item of material was furnished July 27, 1910. The statutory ninety-day period for filing lien as against subsequent purchasers and encumbrancers without notice expired October 25, 1910. Prior thereto, and on October 19, defendant filed in the district court of the United States for the district of North Dakota his petition in voluntary bankruptcy, and was forthwith ad-

judged a bankrupt. Nine days later, and on October 28, and ninety-three days after the last item of materials had been furnished, plaintiff filed its mechanics' lien statement. Subsequently defendant was granted a discharge in bankruptcy in the usual form. The answer admits the sale and the debt owing plaintiff when the petition in bankruptcy was filed, but pleads that the "debt was duly listed and scheduled in said petition, and that the same was discharged by the discharge in bankruptcy." Such alleged defense was upheld as sufficient, and plaintiff appeals.

Admittedly the adjudication in bankruptcy, and likewise the discharge, would not have affected this lien had it been perfected. A mechanics' lien comes within "the exception clause (D) of § 70, bankruptcy act, which provides that 'liens given or accepted in good faith, and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof is necessary in order to impart notice, shall not be affected by this act.'" Remington, Bankr. § 1155. To the same effect, see Collier on Bankruptcy, page 944. Against bankruptcy proceedings, as well as any purchaser or encumbrancer under the express and explicit terms of § 6820, Comp. Laws 1913, plaintiff had ninety days, or up to and including October 25, 1910, within which to file its lien statement. It had years if necessary, within which to file such statement of lien as against this defendant, the purchaser of the materials and owner of the buildings. "The filing of it within ninety days after the materials are furnished makes the lien effective as against everyone acquiring rights [during said period] in the land or building. If filed after said ninety days the lien is still preserved intact except as to those in good faith acquiring rights to the property after the ninety days and before the lien is filed." As stated in Robertson Lumber Co. v. State Bank, 14 N. D. 511, at page 515, 105 N. W. 719; Wisconsin Trust Co. v. Robinson & C. Co. (C. C. A. 8th C.) 15 C. C. A. 668, 32 U. S. App. 435, 68 Fed. 778, and recited in Robinson Lumber Co. v. State Bank, the language of the statute is plain, and "no argument or exposition can make the purpose or effect of the provision of the statute clearer than their own words." "The statute expressly declares that 'a failure to file the same within the time aforesaid shall not defeat the lien except against purchasers or encumbrancers in good faith without notice, whose

rights accrued after the ninety days and before any claim for the lien is filed.'" See also First Nat. Bank v. Warner, 17 N. D. 76, pages 82, 83, 114 N. W. 1085, 17 Ann. Cas. 213, on the final clause of·this § 6820, Comp. Laws 1913, enforcing literally the concluding proviso of this statute, reading, "or against the owner except the amount paid to the contractor after the expiration of the ninety days and before the filing of the same." It is only after the expiration of the ninety-day period that rights can attach superior to the right of plaintiff to its inchoate lien upon delivery of material. Plaintiff had a right to a lien, which in itself was a property right, and which even the subsequent repeal of the statute could neither defeat nor impair. Craig v. Herzman, 9 N. D. 140, 81 N. W. 288. Hence, when defendant's petition in bankruptcy was filed, assuming that a trustee was appointed and took charge of the property,—an assumption beyond the pleadings or the stipulation of facts,—and assuming, again, that such trustee would not stand in the shoes of the plaintiff, but be in the position of a good faith creditor (a question of law assumed and not decided), nevertheless, such trustee's assumed rights would even then attach during the ninety-day period, and therefore be subordinate to the property right of plaintiff. Under the statute, the rights of the trustee thus accruing before the expiration of the ninety days are excluded from those to whom priority under the lien subsequently filed is saved by the statute. Conversely, by the express terms of the statute it is only those purchasers or encumbrancers in good faith "whose rights accrue after the ninety days and before any claim for a lien is filed," who can defeat the lien or have priority over it. Such is the construction of the circuit court of appeals of this district upon this identical statute under exactly these circumstances, in 68 Fed. 778. The statute is so plain as to be susceptible of but one interpretation; viz., to defeat priority of a mechanics' lien filed after the ninety-day period the property rights of the third party must accrue more than ninety days after the furnishing of the last item of materials and before the lien is filed. During the ninety-day lien period the statute, together with the buildings or improvements, are alone sufficient to constitute notice that a mechanics' lien may be claimed during said period and subsequently be perfected according to law. As is said in Remington on Bankruptcy, § 1155, "a mechanics' lien arises by operation of law

and, according to the law of . . . [Missouri], if not all of the states, begins with the first stone laid, the first nail driven, or the first load of material dumped on the premises. It grows as the edifice grows, and expands with the development of the work. It is there in an inchoate form from the beginning." And "even if the bankruptcy of the owner occurs before the lien affidavit is filed, the lien is not affected so long as the affidavit is filed at some time within the statutory period for filing, although after the adjudication of bankruptcy; for the filing of the affidavit does not create the lien,—it simply prolongs it." Section 1155. See also Collier on Bankruptcy, page 945: "It seems even that such a (mechanics') lien may be perfected after bankruptcy."

But there is no proof that a trustee was appointed, or ever assumed authority over the property, or asserted any rights to it. The case stands no differently than if there had never been bankruptcy proceedings taken except as to the debt independent of the lien, which debt is discharged. The taking of a deficiency judgment over the proceeds of the sale under mechanics' lien foreclosure against defendant is thus prevented. The bankruptcy discharges the debt, not in a sense that the debt is paid or satisfied, but only that it is uncollectable by legal process. It still has life to furnish consideration for the lien, or for any valid contract that may thereafter be entered into concerning it. And the lien is preserved by force of the statute exempting it from being effected. Adam v. McClintock, 21 N. D. 493, 131 N. W. 394; John Leslie Paper Co. v. Wheeler, 23 N. D. 477, 42 L.R.A.(N.S.) 292, 137 N. W. 412; Burcell v. Goldstein, 23 N. D. 257, 136 N. W. 243; Lown v. Casselman, 25 N. D. 44, 141 N. W. 73.

The proceedings in bankruptcy therefore could not impair plaintiff's right to perfect his lien; that was property, and paramount as such to any rights obtainable by the trustee in bankruptcy, whose rights accrued during the ninety-day statutory period within which plaintiff might have perpetuated his lien by filing a lien statement. The burden is upon the defendant to establish facts to defeat the lien, and he has failed to show that anything affecting it has been done; the plaintiff is entitled under § 6824, Comp. Laws 1913, to a lien on these buildings, although upon unproven government land held under homestead entry. It is therefore ordered that the judgment appealed from be reversed, and foreclosure awarded as prayed for in the complaint. No deficiency judgment, however, will be taken against defendant.