## S. H. SLEEPER v. S. H. ELLIOTT and George Kemper.

### (162 N. W. 305.)

**Limitations — statute of — right to plead — personal to debtor — privity of estate — persons standing in — to debtor — available to.**

1. Though the right to plead the Statute of Limitations is usually a privilege which is personal to the debtor, it may be availed of by others when they stand in the relation of privity of estate to him.

**Mechanic's lien — foreclosure — action for — Statute of Limitation — action accrues — from last item of labor or material furnished — statement for lien — filing.**

2. Under the provisions of § 7375, Comp. Laws 1913, which provide that an action for the foreclosure of a mechanic's lien must be commenced within six years "after the cause of action has accrued," such cause of action is held to accrue from the time the last item of labor or materials is furnished, and not from the time of the filing of the statement of the account with the clerk of the district court.

**Mechanic's lien — note taken for amount — not waiver of lien — except by express agreement — liquidation of debt merely.**

3. The giving of a note for the amount due by the debtor does not in itself waive and set aside a mechanic's lien. Where such note matures pending the time during which such lien could have been enforced, no waiver will be presumed in the absence of an express agreement, and the note will be deemed merely to be a liquidation of the debt.

**Promissory note — given for debt — maturity of — during limitation — tolls statute — statute begins to run from maturity of note.**

4. The giving of a note in liquidation of a debt for labor and materials furnished, and which matures during the time in which a mechanic's lien may be enforced, tolls the running of the Statute of Limitations, and such statute will not begin to run upon or against the lien until the maturity of such note.

Opinion filed December 29, 1916. Rehearing denied April 4, 1917.

Action to foreclose a mechanic's lien.

Appeal from the District Court of Renville County, *C. M. Cooley,* Special Judge.

Judgment for defendants. Plaintiff appeals.

Reversed.

*Grace & Bryans,* for appellant.

In order to have a mechanic's lien, the party claiming it must comply with the requirements of the lien law.    Rev. Codes, 1905, §§ 6237, 6340, Comp. Laws 1913, §§ 6814, 6923; 27 Cyc. 124; Meyer v. Berlandi, 39 Minn. 438, 1 L.R.A. 777, 12 Am. St. Rep. 663, 40 N. W. 513; Davis v. Treacy, 8 Cal. App. 395, 97 Pac. 78; Cummins v. Vandeventer, 52 Neb. 478, 72 N. W. 955; Noll v. Kenneally, 37 Neb. 879, 56 N. W. 722; Breneman v. Harvey, 70 Iowa, 479, 30 N. W. 846; Campbell v. Jacobson, 145 Ill. 389, 34 N. E. 39; Christian v. Allee, 104 Ill. App. 177; Pifer v. Ward, 8 Blackf. 252; Withrow Lumber Co. v. Glasgow Invest. Co. 42 C. C. A. 61, 101 Fed. 863; Terwilliger v. Wheeler, 81 App. Div. 460, 81 N. Y. Supp. 173; Tommasi v. Archibald, 114 App. Div. 838, 100 N. Y. Supp. 367; Wilson v. Hopkins, 51 Ind. 231; Rockel, Mechanics' Liens, § 80.

An action cannot be predicated as upon a mechanic's lien, until such lien is claimed and perfected in the statutory method.    Rockel, Mechanics' Liens, § 80; Boisot, Mechanics' Liens, § 374; Armstrong v. Hallowell, 35 Pa. 485; Whitlow v. Champlin, 52 Ill. App. 644; Withrow v. Glasgow Invest. Co. 106 Fed. 363, 45 C. C. A. 321; Christian v. Allee, 104 Ill. App. 177; Cummins v. Vandeventer, 52 Neb. 478, 72 N. W. 955.

If plaintiff fails to prove these necessary statutory requirements there is no lien.    Meyer v. Berlandi, 39 Minn. 438, 1 L.R.A. 777, 12 Am. St. Rep. 663, 40 N. W. 513; Campbell v. Jacobson, 145 Ill. 389, 34 N. E. 39; Wilson v. Hopking, 51 Ind. 231; Tommasi v. Archibald, 114 App. Div. 838, 100 N. Y. Supp. 367.

During the ninety days allowed by law in which to file a lien, the party has no lien, but merely a right to one, upon complying with the statute.    Meyer Lumber Co. v. Trygstad, 22 N. D. 558, 134 N. W. 714; Stoltze v. Hurd, 20 N. D. 412, 30 L.R.A.(N.S.) 1219, 128 N. W. 115, Ann. Cas. 1912C, 871; Robertson Lumber Co. v. Clarke, 24 N. D. 134, 138 N. W. 984; Howe v. Smith, 6 N. D. 432, 71 N. W. 552; Moreau Lumber Co. v. Johnson, 29 N. D. 113, L.R.A.1915F, 1132, 150 N. W. 563; Langan v. Sankey, 55 Iowa, 52, 7 N. W. 393.

A mere inchoate right to a mechanic's lien is not assignable so that the assignee can perfect such lien.    Merchant v. Ottumwa Water Power Co. 54 Iowa, 451, 6 N. W. 709; 27 Cyc. 110 (Mechanic's Liens);

Reindollar v. Flickinger, 59 Md. 469; Donnelly v. Butler, 216 Mass. 41, 102 N. E. 917; Doke v. Benton County Lumber Co. 114 Ark. 1, 169 S. W. 327; Wm. Cameron Co. v. Campbell, 72 C. C. A. 520, 141 Fed. 32; Russell v. Hayner, 64 C. C. A. 424, 130 Fed. 90; Withrow Lumber Co. v. Glasgow Invest. Co. 42 C. C. A. 61, 101 Fed. 863.

In an action to foreclose a mechanic's lien, the Statute of Limitation does not begin to run until the claim for lien is filed with the clerk of court, as provided by statute. In this case the statute did not begin to run even then, for the reason that a note (promissory) had been given for the debt, and such note was not due at the end of six years from the filing, and that the statute did not begin to run until the maturity of such note, and therefore an action is brought within the limitation period. In other words that the note tolls the statute. 27 Cyc. 269; Flenniken v. Liscoe, 64 Minn. 269, 66 N. W. 979.

No cause of action to foreclose a mortgage accrues until the note for the indebtedness secured becomes due. Colonial & U. S. Mortg. Co. v. Northwestern Thresher Co. 14 N. D. 147, 70 L.R.A. 814, 116 Am. St. Rep. 642, 103 N. W. 915, 8 Ann. Cas. 1160; Squier v. Parks, 56 Iowa, 407, 9 N. W. 324.

*Palda & Aaker* and *I. M. Oseth,* for respondents.

Our statute provides the method and steps to be taken, and the time in which they may be taken by a party claiming a mechanic's lien, and the statute also provides that "failure to file such statement shall not defeat the lien except as against innocent third persons." Hill v. Alliance Bldg. Co. 6 S. D. 160, 55 Am. St. Rep. 819, 60 N. W. 752; Wisconsin Trust Co. v. Robinson & C. Co. 15 C. C. A. 668, 32 U. S. App. 435, 68 Fed. 778.

"Though no such claim or demand had been filed, the lien would have been good as against the owner. The law only requires such notice as against third persons, encumbrancers, and purchasers." Iowa Code 1873, §§ 2130, 2137–2146; Kidd v. Wilson, 23 Iowa, 464; Noel v. Temple, 12 Iowa, 276; Peatman v. Centerville Light, Heat & P. Co. 105 Iowa, 1, 67 Am. St. Rep. 276, 74 N. W. 688; Neilson v. Iowa Eastern R. Co. 51 Iowa, 184, 33 Am. Rep. 124, 1 N. W. 434; Bissell v. Lewis, 56 Iowa, 231, 9 N. W. 177; Evans v. Tripp, 35 Iowa, 371; Lee v. Hoyt, 101 Iowa, 101, 70 N. W. 95; National Lumber Co. v.

Bowman, 77 Iowa, 706, 42 N. W. 557; Chicago Lumber Co. v. Des Moines Driving Park, 97 Iowa, 25, 65 N. W. 1017.

Our statute nowhere makes the filing of the claim for lien a condition precedent to the bringing of an action. Further than this our statute gives to the owner the right to compel foreclosure "within thirty days" after the account is due. Salem v. Lane & B. Co. 189 Ill. 593, 82 Am. St. Rep. 481, 60 N. E. 37; Rev. Codes 1905, § 6245, Comp. Laws 1913, § 6825.

This action is resisted by the owner of the land.

In most cases where the Statute of Limitations has been invoked, the invocation has been by a third person. The giving of the note did not toll the statute. Colonial & U. S. Mortgage Co. v. North Western Thresher Co. 14 N. D. 147, 70 L.R.A. 814, 116 Am. St. Rep. 642, 103 N. W. 915, 8 Ann. Cas. 1160; Wood v. Goodfellow, 43 Cal. 185; Arthur v. Screven, 39 S. C. 77, 17 S. E. 640.

BRUCE, J.    This is an appeal from an order and judgment dismissing an action for the foreclosure of a mechanic's lien for materials furnished on the ground that the Statute of Limitations had run thereon.

The defendant and respondent, Kemper, was a grantee of the original owner of the real estate and of the purchaser of the goods, and it is first urged by the plaintiff and appellant that the plea of the Statute of Limitations is a personal defense, and can only be urged by the person primarily liable on the contract. In this contention, however, we believe that plaintiff errs. It certainly does not state the rule which prevails in regard to mortgage liens, and we can see no difference between such liens and the one which is before us. Hopkins v. Clyde 104 Am. St. Rep. 737 and notes, 71 Ohio St. 141, 72 N. E. 846, 1 Ann. Cas. 1000).

The general rule, indeed, is that, though the right to plead the Statute of Limitations is usually a privilege which is personal to the debtor, it may be availed of by others when they, as does the respondent in this case, stand in the relation of privity of estate to the debtor. Hopkins v. Clyde, supra and notes in 104 Am. St. Rep. 747; Tinsley v. Lombard, 46 Or. 9, 114 Am. St. Rep. 844, 78 Pac. 895; Wood v. Goodfellow, 43 Cal. 185.

This leads us to a consideration of the main question.

The last items of the material were delivered on December the 15th, 1908. On January 27, 1909, the plaintiff and lien claimant filed his statement of account with the clerk of the district court. The present action was begun on the 10th day of January, 1915. After the furnishing of the material, however, and on the 18th day of February, 1909, the defendant and property owner, S. H. Elliott, gave plaintiff a promissory note for the amount of his indebtedness. This note was payable on October the 1st, 1910, and on January 1, 1910, was renewed to June 1, 1911, and then again renewed so as to fall due on October the 5th, 1911, since which time it has been due and unpaid.

The defendants contend that the Statute of Limitations began to run from the delivery of the last items of the material, which was on December the 15th, 1908, and, since the action was not begun until January 10, 1915, and more than six years after the delivery of this material, it is barred by § 7375, Compiled Laws of 1913, § 6787, Rev. Codes 1905, which provides that an action for the foreclosure of a mechanic's lien must be commenced within six years "after the cause of action accrued." They contend that the cause of action accrued not at the time of the filing of the statement of the account with the clerk of court, but at the time of the delivery of the last item of the material.

The plaintiff, on the other hand, contends: (1) That the cause of action accrues from the time of the filing of the statement of the account, and not from the time of the furnishing of the materials; and (2) that in any event, and since the defendant Elliott reduced the indebtedness to the form of a promissory note pending the running of the statute, and renewed that note, and that the renewal note was not due until October the 5th, 1911, the cause of action did not accrue until the maturity of the note, and the Statute of Limitations, therefore, did not begin to run until October the 5th, 1911.

We are satisfied that counsel for the plaintiff is mistaken in his first proposition, but is correct in his second one. In other words, we are satisfied that the cause of action in the first place accrued at the time of the furnishing of the last item of materials, and not at the time of the filing of the statement of the account, but that the notes which were given in the case at bar tolled the statute.

The material was furnished in the year 1907. We must therefore

construe the provisions of chapter 79 of the Civil Code of 1905, rather than the present lien law.

Section 6237, Rev. Codes 1905, Comp. Laws 1913, § 6814, provides that a person who shall furnish any materials for the construction or repair of a building, etc., "shall, upon complying with the provisions of the chapter, have for his labor done or materials furnished, a lien, etc."

Section 6240, Comp. Laws 1913, § 6820, provides that "every person who wishes to avail himself of the provisions of this chapter shall file with the clerk of the district court of the county or judicial subdivision in which the property to be charged with the lien is situated, and *within ninety days after all the things aforesaid shall have* been furnished or the labor done a just and true account of the demand due him after allowing all credits and containing a correct description of the property to be charged with such lien and certified by affidavit; *but a failure to file the same within the time aforesaid shall not defeat the lien, except as against purchasers or encumbrancers in good faith and for value whose rights accrue after the ninety days and before any claim for the lien is filed,* or as against the owner except the amount paid to the contractor after the expiration of the ninety days and before the filing of the same."

Section 6251, Comp. Laws 1913, § 6831, provides: "The taking of collateral or other security for an indebtedness for which a lien might be claimed under the provisions of this chapter shall in no way impair the right of such lien unless such security shall be by express agreement given and received in lieu of such lien."

We are satisfied from a perusal of these statutes that the cause of action first accrues (and under § 6787, Rev. Codes 1905, Comp. Laws 1913, § 7375, it is from the accruing of the cause of action that the statute begins to run) when the last item of labor or materials is furnished.

This, we think, is clear from the reading of the statute itself. "But a failure to file the same within the time aforesaid," that statute says, "shall not defeat the lien." Rev. Codes 1905, § 6240, Comp. Laws 1913, § 6820; Hill v. Alliance Bldg. Co. 6 S. D. 160, 55 Am. St. Rep. 819, 60 N. W. 752; Wisconsin Trust Co. v. Robinson & C. Co. 15 C. C. A. 668, 32 U. S. App. 435, 68 Fed. 778; Kidd v. Wilson,

23 Iowa, 464; Moreau Lumber Co. v. Johnson, 29 N. D. 113, L.R.A. 1915F, 1132, 150 N. W. 563.

It is also made clear by § 6246, Rev. Codes 1905, Comp. Laws 1913, § 6826, which provides that "upon the written demand of the owner, his agent or contractor, served on the person holding the lien, requiring him to commence suit to enforce such lien, such suit shall be commenced within thirty days thereafter, if the debt for which the lien is security is due, and if not due, within thirty days after the same becomes due, or the lien shall be forfeited."

We have carefully examined the authorities cited by counsel for appellant, but none of them are in point here. The case of Meyer v. Berlandi, 39 Minn. 438, 1 L.R.A. 777, 12 Am. St. Rep. 663, 40 N. W. 513, was decided under a statute (Minn. Stat. 1878, chap. 90, §§ 6, 7) which contained the words, "such account so verified and filed shall . . . operate as a lien." The cases of Cummins v. Vandeventer, 52 Neb. 478, 72 N. W. 955, and Noll v. Kenneally, 37 Neb. 879, 56 N. W. 722, were decided under a statute which contains no saving clause such as that found in the North Dakota enactment. All that the case of Breneman v. Harvey, 70 Iowa, 479, 30 N. W. 846, decides is that a mechanic's lien cannot be claimed against the property of a county.

In the case of Withrow Lumber Co. v. Glasgow Invest. Co. 42 C. C. A. 61, 101 Fed. 863, the rights of innocent third parties are involved, and there appears to have been no saving clause.

There were also no saving clauses in the statutes which were construed in the cases of Davis v. Treacy, 8 Cal. App. 395, 97 Pac. 78; Campbell v. Jacobson, 145 Ill. 389, 34 N. E. 39; Wilson v. Hopkins, 51 Ind. 231.

We do not go so far as the supreme court of South Dakota, or the United States circuit court of appeals, which seem to hold that as between the original parties an action can be commenced to foreclose the lien without the filing of the statement at all. See Hill v. Alliance Bldg. Co. 6 S. D. 160, 55 Am. St. Rep. 819, 60 N. W. 752; Wisconsin Trust Co. v. Robinson & C. Co. 15 C. C. A. 668, 32 U. S. App. 435, 68 Fed. 778. We do hold, however, that the filing of that statement relates back to and makes the lien effective as of the time when the account became due, which, in the absence of any agreement to the contrary,

would be the time of the furnishing of the last item of labor or materials. Mitchell v. Monarch Elevator Co. 15 N. D. 495, 107 N. W. 1085, 11 Ann. Cas. 1001; 25 Cyc. 1090; Boisot, Mechanics' Liens, §§ 720, 724; Ehlers v. Elder, 51 Miss. 495, 498.

We cannot believe that it was the intention of the legislature that the lien claimant should be able to indefinitely extend the time for the enforcement of his lien against the owner by the simple expedient of failing to file his statement. Squier v. Parks, 56 Iowa, 407, 9 N. W. 324. Nor, on the other hand, do we believe that, even as against the owner, the legislative requirement of the filing can be or should be treated as a nullity.

We are, however, of the opinion that the giving of the notes tolled the running of the Statute of Limitations until their maturity. The lien was dependent on the debt, and not the debt on the lien. "The incident follows the principal, and not the principal the incident." Comp. Laws 1913, § 7274. An extension of the time for payment, therefore, postponed the time when the lien could be enforced and when the cause of action, both as to it and the debt, accrued. The weight of authority is to the effect that the giving of a note pending the time of the running of the Statute of Limitations on a mechanic's lien, and which matures during that time, is merely a liquidation of the debt. Kilpatrick v. Kansas City B. & R. Co. 38 Neb. 620, 57 N. W. 664, and note to same in 41 Am. St. Rep. 761; note in 35 L.R.A. (N.S.) 92–94.

It is well established that "if a time of credit is given to the buyer the right of action for the value of the goods accrues, and the statute begins to run when, and only when, the period of credit has expired." 25 Cyc. 1090. There can be no reason for holding to a different rule in the case of mechanics' liens than in the case of mortgages, and that rule is that a part payment of a note or claim secured thereby revives the security as well as the debt, and that an extension of the time for the paying of the debt extends the time for the enforcement of the lien also. Myers v. Humphries, — Tex. Civ. App. —, 47 S. W. 812; 25 Cyc. 1394. Any other rule would result in great hardship to the purchaser or owner, and do away with all extension of credit on building contracts.

The judgment of the District Court is reversed and the cause is

remanded for further proceedings according to law. The defendant and respondent will pay the costs and disbursements of this appeal.