## Eber Cartwright, Ex'r, etc., v. Henry G. Cartwright and Elizabeth Cartwright.

1. LIMITATIONS—*Who May Plead the Statute.*—The statute of limitations grants a personal privilege and can not be pleaded by another than the debtor, except he stand in privity.

2. MARRIED WOMEN—*Have the Right to Contract with their Husbands.*—Under the laws of this State married women have a right to contract with their husbands, and the wife has a right to receive payment of her debt the same as a *feme sole.*

3. HUSBAND AND WIFE—*Preferences by Husband.*—A debtor has a right to pay any creditor in full to the exclusion of other debts, even if such creditor is his wife.

Creditor's Bill.—Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.  Heard in this court at the May term, 1896.  Affirmed.  Opinion filed December 9, 1896.

SNOW & HINEBAUGH, attorneys for appellant.

TRAINOR, BROWNE & AYERS, attorneys for appellees.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a bill in equity, filed in the Circuit Court of La Salle county, Illinois, by the appellant herein, administrator of the estate of Almerin Cartwright, deceased, against the appellees. Elizabeth Cartwright and Henry G. Cartwright, her husband.

The bill was a creditor's bill, and sought to subject certain real estate, held in her name, to the satisfaction of a certain judgment, obtained by the appellant in the County Court of said county, against Henry G. Cartwright, one of the appellees.

The cause was tried by the court upon bill and answer, and, upon hearing, a decree was rendered by the court and the bill dismissed.

From that decree this appeal is taken.

The bill alleges fraud and an intention on the part of appellees to hinder and delay the creditors of Henry G. Cartwright (one of the appellees), of which the appellant was one, and held a judgment against the latter on a cause of action accruing prior to the conveyance.

Substantially, the only evidence introduced was that of the two appellees, who show that the deed from Henry G. Cartwright to his wife, Elizabeth, was made in consideration of a *bona fide* indebtedness due from him to his wife, and there is no evidence contradicting it. The appellee Elizabeth testified she loaned him, her husband, twenty-five hundred dollars; that she got eleven hundred dollars from her uncle, and eleven hundred dollars from her brother, and the rest she worked for and earned; that she was married in 1850; that the money was given to her when she was sixteen or seventeen years old; that she was not quite twenty when she was married; that she put the money at interest; that the land in question was bought in his name; that she thought he would pay her back the money, and was not uneasy about it; that she first suggested that he deed the land to her, in 1890; that he paid her no interest until he deeded her the eighty-acre tract of land; that she told her husband to deed her the eighty acres of land in question, and she would be "square" with him. He said he would, and did, and that she kept the note until she handed it over to him, and that was the last she knew of it; that the land was purchased with the money loaned to him, and that she took his note at the time she loaned the money, and kept it.

Henry G. Cartwright testified that after he borrowed the money from his wife she often spoke to him about an adjustment, sometimes once or twice a year she wanted her pay, and that he said that he had nothing to pay with; that he would pay as soon as he could. That the sum of it was that he could not pay it.

It is claimed that the statute of limitations had run against appellee Elizabeth's note, but this is a personal privilege and can not be pleaded by another than the debtor, except he stands in privity.     Emery v. Keighan, 94 Ill. 543; Lee v. Mound Station, 118 Ill. 312; Shields v. Schiff, 124 U. S. 351.

We see no badges of fraud in the cases and nothing to contradict the appellee's testimony that the claim was a *bona fide* one and always intended to be kept alive.

The money was never intended to be given to the husband, otherwise the note would never have been taken.

After the loan Mrs. Cartwright kept demanding payment, and her husband kept promising to pay up until 1890, when the deed was made which was the full satisfaction of the claim.

This ratification made the claim good, even if the acts of 1861, 1869 and 1874 had not done so.     Thomas v. Mueller et al., 106 Ill. 41.

Under the laws of this State, married women have a right to contract with their husbands, and the wife has a right to receive payment of her debt the same as a *feme sole*, and a creditor has a right to pay any debtor in full to the exclusion of other claims, even if such creditor is his wife.

We see no error in the record, and the decree of the court below is affirmed.