Decided 19 December, 1904.

**TINSLEY v. LOMBARD.**

78 Pac. 895.
</div>

RIGHT OF FIRST MORTGAGEE TO PLEAD STATUTE OF LIMITATIONS AGAINST SUIT BY SECOND MORTGAGEE ON HIS MORTGAGE.
Where a first mortgagee sued to foreclose, and joined the holder of a second mortgage as a party, and the latter did not contest plaintiff's claim nor his right of priority, but filed a cross-complaint for foreclosure of his mortgage as a subsequent lien, there was no privity between plaintiff and such second mortgagee sufficient to entitle plaintiff to plead the statute of limitations to the latter's mortgage.

From Wallowa: ROBERT EAKIN, Judge.

Statement by MR. JUSTICE WOLVERTON.

This is a suit by F. P. Tinsley against B. M. Lombard and others to foreclose a mortgage. The mortgagors suffered default, and only Lombard defended. J. C. McAllister and wife gave a mortgage to the Lombard Investment Company, providing, among other things, that the mortgagors should pay the taxes on the mortgaged premises, but if not so paid, then that the mortgagee might pay the same and add the amount thereof to the mortgage debt. Subsequently the mortgage and the obligations which it was given to secure were duly assigned and set over to the plaintiff. On the same day of the execution of plaintiff's mortgage, McAllister and wife gave two other mortgages to the

Lombard Investment Company, covering the same premises, one of them, however, including a ten-acre lot additional, which mortgages and the obligations secured thereby have since come into the hands of the defendant Lombard by due assignment and transfer. The plaintiff instituted this suit to foreclose his mortgage, making Lombard a party defendant with others. Among other allegations of the complaint is the following: "That the defendants herein have, or claim to have, some right, title, or interest in or to the said premises, the nature of which is to plaintiff unknown; but whatever the same may be, it is inferior in right, and subsequent in time, to the mortgage lien of this plaintiff upon said premises." Without denying or in any manner controverting any of the allegations of the complaint, Lombard interposed two further and separate answers, which he denominates "cross-complaints," setting up his mortgages, which he prays shall be declared liens upon the premises described in plaintiff's mortgage, second, subsequent, and subject to such mortgage, but a first lien upon the ten-acre lot not included therein; that defendant's said mortgages be foreclosed; and that the equities of the parties be adjusted, and the assets marshaled accordingly. Plaintiff demurred to these answers on the ground that defendant had not commenced his suits to foreclose within the time limited by the Code of Civil Procedure, which demurrers were sustained, and, defendant refusing to plead further, a decree was entered for plaintiff, foreclosing all right or interest of the defendant in the premises comprised in plaintiff's mortgage, from which he appeals. The case was submitted under the proviso of Rule 16: 35 Or. 587, 600.                REVERSED.

For appellant there was a brief over the name of *Daniel W. Sheahan.*

For respondent there was a brief over the name of *James A. Burleigh.*

MR. JUSTICE WOLVERTON delivered the opinion.

The question involved is whether the plaintiff is in a position to set up the statute of limitations as a bar to defendant's foreclosures. The defendant is not controverting any right that plaintiff is seeking to maintain, but is aiming only to have his

mortgages foreclosed in the same suit with the plaintiff's, completely subordinating his alleged liens upon the premises described in plaintiff's mortgage, and his rights thereunder, to those of the plaintiff. So that, as to the right of priority of liens, whether for the principal sums or for interest, or for taxes paid, there is absolutely no dispute or contest. Such being the case, plaintiff cannot make use of the statute of limitations to cut off defendant's rights of suit. The right to interpose the statute of limitations is a privilege, personal to the debtor, that may be availed of by others only when they stand in the relation of privity of estate to the debtor, as a subsequent purchaser or incumbrancer of the legal title, or are in privity with the claim or demand, or have succeeded to or may be said to occupy the place of the debtor, as executor or administrator, and the like. And the pleader must show that it is a bar as between the parties to the debt. Certainly no person who is not injured by the enforcement of the demand can be heard to insist upon the plea: 2 Pingrey, Mortgages, § 1575; Wood, Limitations (3 ed.), § 41; *Grattan* v. *Wiggins,* 23 Cal. 16; *Coster* v. *Brown,* 23 Cal. 142; *Cartwright* v. *Cartwright,* 68 Ill. App. 74; *Board* v. *Presbyterian Church,* 19 Wash. 455 (53 Pac. 671); *Ewell* v. *Daggs,* 108 U. S. 143 (2 Sup. Ct. 408); *Sanger* v. *Nightingale,* 122 U. S. 176 (7 Sup. Ct. 1109); *Blair* v. *Silver Peak Mines* (C. C.), 84 Fed. 737; *Hanchett* v. *Blair,* 100 Fed. 817 (41 C. C. A. 76). Now, the plaintiff here sustains no such relation to the defendant appealing, nor is he in privity with the claims or demands that defendant is seeking to have declared liens upon the premises involved. But conceding, as defendant does, that plaintiff's lien is prior and superior in time and right to his, the plaintiff cannot, through the right of the debtor, bar the defendant's right of foreclosure in this suit. The decree of the circuit court will therefore be reversed, the demurrers overruled, and the cause remanded for such other and further proceedings as may seem proper.                          REVERSED.