FLINN REALTY CORPORATION, Appellant, *v.* CHARTER CON-
STRUCTION COMPANY, Respondent.

First Department, February 15, 1918.

**Vendor and purchaser — suit for reformation of contract to exchange
properties and for specific performance — evidence — notice of
restrictions upon property — principal and agent — when knowl-
edge of agent not imputable to principal.**

In a suit to reform a contract for the exchange of properties made between
the plaintiff and the defendant, and for the specific performance of the
contract as reformed, it appeared that the parties were to give full covenant
deeds. It was claimed by the defendant that there were restrictions upon
the plaintiff's property so that it could not give a full covenant deed, but
the plaintiff claimed that the parties had knowledge of these restrictions
at the time the contract was made, and by inadvertence they were not
included therein. The alleged restrictions consisted of a covenant that
all the buildings on plaintiff's lots should set back twenty-five feet, and
that no building should be erected to cost less than a certain amount.

*Held*, on all the evidence, that it is inconceivable that if said restrictions
existed and the facts were known to the plaintiff and its attorneys, the
contract could have been drawn by counsel providing for a full covenant
deed without excepting said restrictions; that, therefore, a judgment
dismissing the complaint upon the merits should be affirmed.

The fact that defendant's agent saw plaintiff's property before the contract
was made, and that the lots were uniform in size and the buildings thereon
a uniform distance from the road was not notice to the defendant of the
restrictions upon the lots, neither was the knowledge of the broker, who
represented both parties, imputable to the defendant.

Actual intention can only be judged by actual knowledge, not by constructive
knowledge.

Where notice is a relevant fact, it cannot be imputed to the defendant for the
purpose of ascertaining what in fact was the intention of the defendant at
the time the contract was made.

As the complaint charges knowledge of the restrictions, and an intent
to provide for them in the contract, and asks for a reformation to that
extent, and includes no offer to make compensation for the defects, the
judgment cannot be reversed on the ground that the defects have been
waived and specific performance can be decreed with compensation.

APPEAL by the plaintiff, Flinn Realty Corporation, from a
judgment of the Supreme Court in favor of the defendant,
entered in the office of the clerk of the county of New York
on the 2d day of August, 1917, dismissing the complaint on

the merits upon the decision of the court after a trial at the New York Special Term.

*Edward M. Grout* of counsel [*Grout & McKinney*, attorneys], for the appellant.

*Frederick E. Anderson* of counsel [*Norman Wilmer Chandler* with him on the brief; *Stoddard & Mark*, attorneys], for the respondent.

SMITH, J.:

The action is brought to reform a contract made between plaintiff and defendant and for a specific performance of the contract as reformed.

The defendant owns some property on Park avenue. The plaintiff owns property on Fifth avenue and also at Cape May, N. J. The contract called for the transference of these properties by one to the other, subject to certain incumbrances, named in the contract. It then provided that the parties were to give full covenant deeds of the property. It is claimed that there were restrictions upon the Fifth avenue property and also upon the Cape May property, so that the plaintiff could not give a full covenant deed and for that reason the contract was rescinded by the defendant and it has been so found by the trial court. The plaintiff challenges this finding upon the ground that the parties had other knowledge of these restrictions at the time that the contract was entered into and by inadvertence they were not mentioned in the contract, and that the contract should be reformed so as to require from the plaintiff the full covenant deed, subject, however, to these restrictions existing thereupon.

Upon the oral testimony the conflict is clear. The defendant denies absolutely that it had any knowledge of these restrictions until long after the signing of the contract. The evidence of the plaintiff is very uncertain and unsatisfactory as to any information imparted to the defendant at that time. The parties were represented by able counsel. when the contract was drawn and to my mind it is inconceivable if these restrictions existed upon the Cape May property, and these facts were known to the plaintiff and its attorneys,

that this contract should have been drawn providing for a full covenant deed without excepting these restrictions. Here were a large number of lots in Cape May. There were about twenty or twenty-one houses upon these lots. They all set back from the street about twenty or twenty-five feet and the grant contained a covenant that they should set back twenty-five feet and also that no building should be erected on those lots to cost less than $2,500, so that the owners of the lots, if the lots should be sold, were precluded from building garages upon them that would cost less than $2,500 and the restrictions were material restrictions and materially affected the value of the property. Notwithstanding the conflict in the evidence as to the notice of the restrictions upon this Cape May property, the plaintiff claims that there are two facts which prove beyond fair question that the defendant had knowledge.

*First.* The defendant's agent, Guthman, went down to Cape May and saw the lots before the contract was made and he saw that they were uniform in size and the buildings at a uniform distance from the road, and plaintiff insists that was notice to defendant that there were restrictions upon the lots. I do not see the force of this claim. It was notice that there was a uniform plan upon which the houses were built. The houses were all exactly the same, and, therefore, undoubtedly built by the same party. This was not notice that they were required to be built that way, and at least it was not notice to him that there was any prohibition against putting any building upon any of these lots which would cost less than $2,500.

Again, it is claimed that Tucker, who was in fact the broker for both parties, the broker for the plaintiff to sell his property and the broker for the defendant to sell his property, had knowledge of these restrictions, and that his knowledge was imputable to the defendant as his principal. But Tucker had a $10,000 interest in the result of this case. I do not give much force to his claim that he had knowledge of these restrictions and notified the defendant. As to the fact of constructive notice by reason of his agency, this fact is without significance because here is a question of actual intention and actual intention can only be judged by actual knowledge and

not by constructive knowledge. This contract cannot be reformed by whatever knowledge Tucker may have had and to whatever extent that knowledge may be imputed to the defendant. Where notice is a relevant fact, it cannot be imputed to the defendant for the purpose of ascertaining what in fact was the intention of the defendant at the time the contract was made.

The plaintiff perhaps, as its strongest claim, insists that upon October twenty-first, at least, the defendant and Guthman had full knowledge of these restrictions and upon October twenty-third wrote to a title insurance company to insure the title of the property. This is claimed to be an admission upon the part of the defendant that it at all times had knowledge of these restrictions and intended to take the property subject thereto. But there is just as strong an inference that defendant found this fact out in time and was willing to proceed with the contract and waive these restrictions. It has been held under some circumstances that proceeding with negotiations after knowledge of defects is a waiver of those defects, and that the plaintiff can have specific performance upon paying compensation therefor. But the difficulty in reversing this judgment upon claim of waiver is that that is not the theory of the complaint. The complaint charges knowledge of these restrictions and an intent to provide for them in the contract and asks for a reformation of the contract to that extent. No offer to make compensation for the defects is included in the complaint and the case was not tried upon the theory of waiver, nor was it argued in this court upon that theory and no authorities are cited to sustain such a claim. We cannot now reverse the judgment on the ground that the defects have been waived and specific performance can be decreed with compensation.

I am unable to see how these extraneous facts strengthen the plaintiff's testimony sufficiently to come within the rule to authorize the reformation of the contract. As I have said, I do not believe it was known to these parties at the time or it certainly would have been included in the contract. Whether a cause of action must be proven beyond a reasonable doubt or whether it must be proven by evidence that is clear and convincing, in either case the proof does not measure up to the

requirements of the law and the judgment must be affirmed. It becomes unnecessary to consider the objections to the title of the Fifth avenue property.

The judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Judgment affirmed, with costs.