Argued June 4; reversed June 18, 1940

## FEAZLE *v.* INDUSTRIAL HOSPITAL ASSOCIATION

(103 P. (2d) 300)

In Banc.

*James Arthur Powers*, of Portland, for appellant.
*George P. Winslow*, of Tillamook, for respondent.

BELT, J. Plaintiff, who was engaged in logging operations in Tillamook county, entered into a contract with the defendant Industrial Hospital Association whereby the latter, in consideration of certain fees to be deducted from the workmen's wages and paid to it, agreed to provide, among other things, hospital, medical, and dental services for all employees of the plaintiff. It is conceded that the plaintiff also is covered by such contract by reason of having paid the monthly fee to the defendant.

On December 8, 1936, the plaintiff called at the office of the defendant hospital association and informed the doctor in charge that he had a wisdom tooth which he would like to have extracted. Plaintiff was directed to go to the defendant Dr. Willard A. Roberts, a duly licensed dentist, who maintains offices in the city of Portland. Dr. Roberts extracted the tooth.

. Plaintiff commenced this action charging the defendant Dr. Roberts with negligence in the treatment of the tooth after extraction. He asserts that infection resulted by reason of the failure to remove small portions of the tooth and that such infection extended to the left lung causing an abscess thereof. Plaintiff sought to hold the defendant association liable for the alleged negligence of Dr. Roberts under the doctrine of respondeat superior.

At the conclusion of plaintiff's case in chief, a motion of the defendant association for a judgment of involuntary nonsuit was granted. The case thereupon proceeded against the defendant Dr. Roberts. Plaintiff contended that the abscess in his left lung resulted as above stated, while the defendant claimed it was caused by a steel splinter which for many years had been imbedded in the lung near the situs of the

abscess. The jury returned a verdict in favor of the defendant dentist, thereby exonerating him from the charge of negligence.

Plaintiff thereafter moved for a new trial against both defendants. The court denied the motion as to the defendant Dr. Roberts, but allowed it as against the defendant hospital association. From the order granting a new trial, the defendant association appeals.

It is the contention of the defendant association that Dr. Roberts was an independent contractor and that it performed its obligations under the contract when it exercised due care in his selection as a dentist to render service to the plaintiff. Plaintiff contends that Dr. Roberts was an agent of the association and that the latter is responsible for his negligence in the treatment of the plaintiff.

Assuming that the doctrine of respondeat superior applies, we are of the opinion that the verdict exonerating Dr. Roberts from the charge of negligence precludes recovery against the principal. The defendants are not joint tort-feasors. There was no independent act of negligence charged against the hospital association. The claim of liability as to the association is based on the charge of negligence against its agent. When the judgment was rendered in favor of Dr. Roberts—from which there has been no appeal—the foundation of any case against the association was destroyed. If the case were retried, it would be incumbent upon the plaintiff to show negligence on the part of Dr. Roberts, and that matter has been adjudicated adversely to plaintiff's contention. Under this state of the record, it is idle to order a new trial as against the association. Such is the clear holding of this court in *Emmons v. Southern Pacific Company,*

97 Or. 263, 191 P. 333; *Dare v. Boss*, 111 Or. 190, 224 P. 646; and *Bowles v. Creason*, 159 Or. 129, 78 P. (2d) 324. In 2 American Jurisprudence, 361, the rule is thus stated:

"* * * where the tortious liability of the principal is based solely upon the act of his agent with whom he is being sued, a verdict in favor of the agent necessarily amounts to a finding that the principal also is not liable."

In 34 C. J. 982, it is said:

"* * * if the liability of a person sued for tort is necessarily dependent upon the culpability of another, who was the immediate actor and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, defendant may set up such judgment as a bar."

Plaintiff relies on *Hise v. City of North Bend*, 138 Or. 150, 6 P. (2d) 30. In that case the city and its councilmen were charged with negligence in failing to maintain a barricade on a wharf at a street end. Plaintiff, during the night, drove his automobile upon the wharf and over the edge thereof into the bay. The jury returned a verdict against the city only and the judgment based thereon was upheld by this court on appeal. The instant case must not be confused with those wherein joint tort-feasors are involved. The court in the Hise case undoubtedly considered the city and the councilmen as joint tort-feasors as the authorities cited therein relative to that phase of the case concern such status.

The order granting a new trial is reversed and the cause remanded with directions to reinstate the judgment of dismissal.

BEAN and BAILEY, JJ., not sitting.