Argued May 2, affirmed August 3, 1955

# DAVIS ET UX *v.* DIAL ET AL

286 P. 2d 654

*Harold Banta,* argued the cause for appellants. On the briefs were Banta, Silven & Horton, Baker, and Wilson & Olsen, John Day.

*Roy Kilpatrick,* Canyon City, argued the cause for respondents. With him on the brief were Robert D. Lytle and W. F. Schroeder, Canyon City.

Before WARNER, Chief Justice, and TOOZE, ROSS-MAN, LUSK and PERRY, Justices.

PER CURIAM.

This is a suit by the plaintiffs Davis, as buyers, for the rescission of an agreement to purchase a parcel of real property in Grant county, Oregon, known as Dixie Mountain Lodge. It consisted of 8.25 acres with an unfinished building thereon known as "the lodge". Although available for some uses at the time of purchase, it was the intention of the Davises to complete it as a place of recreation and supply for tourists and hunters. The eventual erection of cabins for the accommodation of such transients was apparently a part of the design of the owners, past and present.

The agreement with the appellants Dial, as sellers, was made on October 17, 1951. The sale price was $17,500. It was given by paying $2,000 in cash, transferring title to plaintiffs' homeplace in Castle Rock, Washington, at a value of $6,500, and giving plaintiffs a note for the balance of $9,000, secured by a mortgage on the lodge property. From a judgment and decree in favor of the plaintiffs Davis restoring the parties in statu quo, the defendants W. B. Dial and Minnie May Dial appeal.

Plaintiffs went into possession the latter part of October 1951 and in December 1952 brought this suit, predicating their right to rescission upon five representations which they alleged to be false. We will refer to only three, for the reason that most of the testimony was addressed to them, i.e., the representations of defendants that there was an adequate supply of water, that there were 3,000 feet, more or less, of galvanized pipe conveying the same from the springs to the lodge, and that there were 20 acres within the area conveyed by appellants' deed.

■ We give much weight to the court's findings in a case of this character because of the personal inspection of the premises made by the circuit judge at the outset of the trial. *Kramer v. Taylor et al. and Trickel,* 200 Or 640, 647, 266 P2d 709.

The court found, and we find, that the water supply was inadequate and uncertain; that not to exceed one third of the pipe was galvanized and the rest of the piping was secondhand black pipe and in such inferior condition it contaminated the water, when it could get through, to an extent rendering it unpalatable and unusable. This latter condition necessitated the hauling of water for the ordinary uses of those in the lodge. We also find that the actual area conveyed was more nearly 8.25 acres than the 20 acres represented.

■ After a careful examination of the entire record, we conclude, as did the circuit court, that the representations referred to related to matters which were material in character in that they comprehended items essential to the intended use and profitable operation of the lodge property. We also hold that the representations made were false and, even though honestly made, entitled plaintiffs to rescind. *Schuler et ux. v. Humphrey et ux.,* 198 Or 458, 493, 257 P2d 865; *Miller*

*et ux. v. Protrka et ux.*, 193 Or 585, 591, 238 P2d 753; *Weiss and Hamilton v. Gumbert*, 191 Or 119, 136, 227 P2d 812, 228 P2d 800; *Sharkey v. Burlingame Co.*, 131 Or 185, 197, 282 P 546.

■ We are not unmindful that the plaintiffs in the spring and summer of 1952 offered the land for sale. It was not, however, until sometime later, apparently in October of that year, that an earlier suspicion that the Dial deed conveyed far less than 20 acres was confirmed by a representative of the state engineer's office after a survey. This prompted them to so advise the appellants under date of October 25, 1952. This and other circumstances are sufficient to warrant the holding that plaintiffs did not waive their right to rescind by reason of offering the property for sale earlier in 1952 and before they learned that they were owners of 8.25 acres instead of ''approximately 20 acres, more or less'', as recited in the deed from the Dials to the Davises. *Schuler et ux. v. Humphrey et ux.*, supra.

Affirmed.