Argued October 13, affirmed October 26, 1960

# ZELENY ET UX *v.* KARNOSH
### 356 P. 2d 426

*C. Parker Gies,* Salem, argued the cause for appellant. On the brief were Lewelling & Gies, Salem.

*Laurence Morley,* Lebanon, argued the cause for respondents. On the brief were Morley, Thomas & Orona, Lebanon.

Before McAllister, Chief Justice and Warner, Sloan, O'Connell and Howell, Justices.

HOWELL, J. (Pro Tempore)

This is an action for damages for fraud brought by Antone Zeleny and Enid Zeleny, who were the contract purchasers of a farm in Linn county, against the owners of the property, the executor, James L. Karnosh, of the estate of the decedent from whom the

owners inherited the property and the real estate agents who sold the property.

The jury returned a verdict against the defendant Karnosh only, and he appeals. Hereafter when we refer to the defendant, the reference will be to Mr. Karnosh, and we will refer to Mr. Zeleny as the plaintiff.

The defendant's first assignment of error is the failure of the trial court to direct a verdict for the defendant.

■ The complaint sets forth 13 alleged misrepresentations. It is not necessary to review the evidence concerning all 13 misrepresentations. Proof of one or more of the misrepresentations alleged and the other elements necessary to constitute actionable fraud is sufficient. *Melgreen et ux. v. McGuire, Inc., et al.*, 214 Or 128, 136, 327 P2d 1114; *Burgdorfer v. Thielemann*, 153 Or 354, 374, 55 P2d 1122.

In *Musgrave et ux. v. Lucas et ux.*, 193 Or 401, 410, 238 P2d 780, the necessary elements of an action at law for fraud were set forth as:

"*  *  * (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury."

*Heise v. Pilot Rock Lbr. Co.*, 222 Or 78, 352 P2d 1072.

■ The motion for a directed verdict requires a review of the evidence in the light most favorable to plaintiff.

The plaintiff owned a ranch in Kansas and, because of drought conditions in that state, desired

to buy a farm in the Northwest. The defendant had been authorized to sell the property for the heirs and had listed the property with several realtors. Plaintiff contacted the real estate agent in this case and came to Albany, Oregon. He spent part of a day with the realtor, inspecting the farm involved. He arrived early in April and was substantially impressed with the Linn county farm and the amount of water that appeared to be upon the premises at that time.

According to the plaintiff's testimony, the defendant came to the ranch while plaintiff was there and during the discussion concerning the property assured the plaintiff that there was an abundance of domestic water. The defendant demonstrated by turning on the faucet on the back porch, and "it showed plenty of water."

After the plaintiff contracted to purchase the property and moved from Kansas, he began to have difficulty with the domestic water supply. He testified:

"Q What about the month of May?
"A You don't have so much.

"Q What about the rest of the summer?
"A You don't have so much.

"Q How much less?
"A You might get down to twenty gallon of water a day maybe at the house.

"Q Since you have lived there, since June of 1956, have you ever drank any of the water in the house?
"A Yes sir.

"Q When?
"A When we first came there, for about two months.

"Q And what happened?
"A Well, it stank so bad that we decided to get our water elsewhere.

"Q How did it taste?

"A Well, you ought to taste it, sir.

"Q I know, but you tell me if you can.

"A Well, it tasted like you would dip it out of the stool.

"Q I guess that's an answer. What have you done for water since you lived there?

"A I haul it.

"Q From where?

"A Wilbur Fleming's.

"Q How far is Wilbur Fleming's from your place?

"A About three quarters of a mile.

"Q During the time there is an abundance of water in the house, do you use it for some purposes?

"A Yes sir.

"Q For what purpose?

"A For laundry, for bathing, etc., no cooking or drinking."

A Mrs. Luckenbill testified as a witness for plaintiff. She stated that she and her family had lived on the property in question from February, 1952, to March, 1955, as contract purchasers. She also stated that the well supplying the domestic water would pump only approximately 20 gallons per day during the summer and that they had to haul water from the neighbors'. She testified:

"Q At the time you found the well would run dry, did you advise Mr. Karnosh or Dolezal of this fact?

"A Yes, they knew the well was dry.

"Q Were they advised of the fact?

"A Yes.

"Q What about the well out near the barn? Were they advised that was dry too?

"A I won't say for sure, but they knew we were out of water at the house.

"Q  They knew that?
"A  They did."

While the defendant denied telling plaintiff there was an abundance of domestic water and denied any knowledge that the well ran dry in the summer, he did testify that he had been familiar with the property for 20 years and that he was on the farm on several occasions when the Luckenbills were occupying it.

■ The representation of an abundance of domestic water was a representation of fact and related to an item that was material in connection with the use and enjoyment of the farm. *Davis et ux. v. Dial et al.,* 205 Or 136, 138, 286 P2d 654.

The defendant argues that the evidence is not clear and convincing. "Clear and convincing evidence means that the truth of the facts asserted is highly probable." *Cook v. Michael,* 214 Or 513, 527, 330 P2d 1026; *Heise v. Pilot Rock Lbr. Co.,* supra.

■ Considering the plaintiff's expressed concern over water, the representation of an abundance of domestic water, the drying up of the well in summer, the evidence of defendant's long experience with the farm and Mrs. Luckenbill's testimony that the defendant knew the well pumped dry during the summer months, we are unable to say as a matter of law that plaintiff's version of the case is not highly probable. On the contrary, we hold that there was a question of fact for a jury to determine in that regard. The motion was properly overruled.

■ In his brief the defendant also asserts that the evidence on damages will not support the verdict and that this was an additional reason why the trial court

should have sustained the motion for a directed verdict. The motion contained no reference to the evidence of damages. Assuming the question is properly raised, the record shows that one of plaintiff's witnesses testified that the farm was worth approximately $22,000, but that without adequate domestic water this valuation would be reduced approximately 25%. Plaintiff contracted to pay $26,500. As the verdict was for $7,500, we feel there was sufficient evidence to support it.

■ The defendant relies upon the rule of law that where the principal and agent are sued jointly in an action based solely on the tortious conduct of the agent and the agent is acquitted, there can be no recovery against the principal. *Kraft v. Montgomery Ward & Co.*, 220 Or 230, 348 P2d 239. See also *Feazle v. Ind. Hosp. Ass'n.*, 164 Or 630, 103 P2d 300; and *Fish v. Southern Pacific Co.*, 173 Or 294, 324, 143 P2d 917, 145 P2d 991.

The rule is inapplicable where there are separate grounds upon which to find the principal liable. *Kraft v. Montgomery Ward & Co.*, supra; 2 Am Jur 361, Agency § 455.

■ In the instant case the action was not based solely upon the conduct of the real estate agents. In fact, while the real estate salesman also represented, according to the plaintiff, that there was an abundance of domestic water, there was a substantial amount of evidence, as we have ruled, to find the defendant individually responsible for his own separate representations concerning the domestic water supply.

We have carefully examined the exhibits and the transcript consisting of over 650 pages. Finding no error, we affirm the judgment.