Argued September 13, reversed and remanded October 25, 1973

SISK, *Respondent, v.* McPARTLAND, *Defendant,*
and ZELLE, *Appellant.*

515 P2d 179

*William L. Hallmark,* Portland, argued the cause for appellant. With him on the brief were McMenamin, Jones, Joseph & Lang, Portland.

*Francis F. Yunker,* Portland, argued the cause and filed a brief for respondent.

Before O'Connell, Chief Justice, and Denecke, Tongue, Howell, and Bryson, Justices.

BRYSON, J.

Plaintiff brought this action to recover damages for personal injuries suffered in a collision on October 25, 1970, between plaintiff's vehicle and a vehicle operated by defendant McPartland and owned by defendant Zelle. Substituted service on each defendant was obtained by service on the Administrator, Motor Vehicles Division of the State of Oregon, pursuant to ORS 15.190. Defendant Zelle's insurer retained an attorney to represent the defendants and an answer was filed on their behalf. Plaintiff noticed the deposition of each defendant, but defendant Zelle failed to appear. Just prior to trial plaintiff orally moved the court for an order to strike defendant Zelle's answer for failure to appear for the deposition and for an order of default. These motions were allowed. The case went to trial against defendant McPartland and the jury returned a defendant's verdict on November 22, 1972. Thereafter, the court entered judgment in favor of defendant McPartland on the verdict and entered a default judgment against defendant Zelle in the sum of $5,162.30. Defendant Zelle appeals.

Defendant Zelle assigns as error the trial court's order striking her answer for failure to appear for deposition.

ORS 45.190 provides:

"If a party * * * wilfully fails to appear before the officer who is to take his deposition after being served with a proper notice, the court * * * may, within the limitations required by due pro-

cess, strike all or any part of any pleading of that party * * *."

Counsel for plaintiff filed the following affidavit in support of the motion to strike defendant Zelle's answer:

"I, Francis F. Yunker, being first duly sworn on oath depose and say:

"* * * * *

"That the defendant, Doris Zelle, wilfully refused to attend the said deposition hearing and has never offered to appear since that time."

At oral argument of the motion, counsel for defendants stated:

"MR. GRIFFITH: Your Honor, for the record, I represent Daniel Francis McPartland and Doris Zelle through an insurance company, Maryland Casualty Company.

"We have made every effort to find Mrs. Zelle and have located her on two occasions early in the process of the case. We have been unable to locate her since that time, and we have made every effort to do so.

"We believe that she is aware of the case because of an intermediary who has been able to get a message to her in the past.

"* * * * *

"As to the merits of Mr. Yunker's motion, I did receive notice of deposition from Mr. Yunker for 3:00 P.M. on June 14th, 1972, and I made every effort to locate Mrs. Zelle. She was, at that time, out of the state, according to this woman who has been able to contact her before. She has not been made available. We have made every effort to find her and cannot.

"I would submit to the Court that, therefore, I am not contesting that she failed to show up for the deposition; she did do that. But I believe it was

with the permission of Mr. Yunker at that particular time that it would be reset, and I agreed that I would try to find her and do so. I have not been able to find her and produce her for Mr. Yunker.

"* * * And it's my understanding of this accident that Mrs. Zelle was not a driver of the car involved in the accident, nor was she involved in any way. I do not know whether Mrs. Zelle owned that car in her own name or whether it was her parents' car. I have never been able to talk to her, and therefore I have not been able to find it out.

"Mr. McPartland drove the car that night. He was her agent.

"Now, the Court may well strike her Answer, but I can represent to the Court that the Answer filed on her behalf is solely predicated on the testimony of Mr. McPartland.

"One, she has no first-hand knowledge of this accident; and

"Secondly, I know of no basis of liability against her.

"* * * * *

"THE COURT: Who is the named insured?

"MR. YUNKER: Mrs. Zelle.

"MR. GRIFFITH: No, it's neither one; it's somebody's mother down in Arizona, a gal named Baker, I think, which may be Mrs. Zelle."

Mr. Yunker's affidavit and these remarks by Mr. Griffith constitute substantially the entire record on which the court based its conclusion that defendant Zelle's answer should be stricken under ORS 45.190.

■ Even if we assume that defendant Zelle received proper notice of the deposition through service on her attorney—an assumption not entirely justified by the

record[1]—we do not believe that her failure to appear can properly be characterized as "willful."[2]

The record suggests that defendant Zelle might have had actual knowledge of the lawsuit but nothing in the record suggests that she had actual knowledge of the deposition. According to an established principle of agency law, notice given an agent is attributable to the principal.[3] Nevertheless, courts recognize the distinction between vicarious notice and notice based on actual knowledge when construing a statute or contract which imposes liability on the basis of actual knowledge only. See *Harte v. United Benefit Life Ins. Co.*, 66 Cal 2d 148, 56 Cal Rptr 889, 424 P2d 329 (1967); *Estate of Fiddyment*, 74 Cal App 2d 72, 168 P2d 61 (1946); *Flinn Realty Corp. v. Charter Construction Co.*, 181 App Div 610, 169 NYS 116 (1918); 3 Merrill on Notice § 1203 (1952); W. Seavey, Law of Agency § 98 M (1964).

> "If the state of mind of a principal in a transaction is a factor, a notification by a third person giving information to an agent who does not communicate it to the principal does not operate with

[1] Notices may properly be served on a party or his attorney. ORS 16.770, 16.780. The record before us raises some doubt that Mr. Griffith was authorized by defendant Zelle to represent her as her attorney. See ORS 9.310. Absent personal service on defendant Zelle, service of notice on an attorney not authorized by the party to act in that capacity would be ineffectual. However, the trial court was apparently satisfied that Mr. Griffith was defendant Zelle's attorney. We have no cause to reexamine that conclusion, particularly since the issue was not raised in the briefs, and since a resolution of the issue is unnecessary for the result we reach in the case.

[2] A willful act is generally defined as one which "[proceeds] from a conscious motion of the will; voluntary" or is "designed; intentional; not accidental or involuntary." Black's Law Dictionary 1773 (rev 4th ed 1968).

[3] Great American Ins. v. General Ins., 257 Or 62, 69-70, 475 P2d 415, 419 (1970); 1 Restatement (Second) of Agency, ch 8, Introductory Note, § 268 (1958).

like effect as a similar notification given to the principal. * * *" 1 Restatement (Second) of Agency § 268, Comment *d* (1958).

"* * * In many situations, in order for one to be responsible, it is necessary that the act should be done with knowledge in a subjective sense, and it is not sufficient that one has means of information." *Id.* § 275, Comment *b*.

We believe that the requirement in ORS 45.190, that the failure to attend the deposition be willful, indicates that the party must have actual notice of the deposition and not notice imputed from the knowledge of an agent attorney. The legislative aim is to discourage the deliberate obstruction of established discovery procedures. Only when the party has actual notice of the pending deposition can the subsequent failure to appear be accurately described in words such as "willful," "conscious," "designed," or "intentional." A failure to attend due to ignorance of the hearing is simply not a willful act. *Cf. Harris v. Harris,* 247 Or 479, 430 P2d 993 (1967). Since defendant Zelle's failure to attend the deposition was not willful under our interpretation of ORS 45.190, the trial court erred in striking her answer and placing her in default.

■ Defendant Zelle further contends that the jury verdict in favor of the driver McPartland also exonerated defendant Zelle, as owner of the vehicle and McPartland's principal.

The alleged liability of defendant Zelle rested entirely on the liability of the driver of her car under the doctrine of *respondeat superior*. A rule "well established in this state" is "that where vicarious liability is asserted based solely on the wrongful act of an agent exoneration of the agent exonerates the principal * * *." *Wiebe v. Seely, Administrator,* 215 Or 331,

352, 335 P2d 379, 389 (1959). In *Dare v. Boss et al,* 111 Or 190, 224 P 646 (1924), the plaintiff brought an action against an agent and his principals to recover for injuries caused by the agent's alleged negligence. The jury found that the principals were liable but failed to find that the agent was also liable. This court reversed, stating:

"But there is one proposition that makes it necessary to reverse this case, and that is the fact that the jury, in effect, has found Pridgeon, who was driving the car by permission of Little, not guilty of negligence in crashing into plaintiff's car, or at least has failed to find on that subject. There could be no negligence except that imputed from the relationship of the parties and, unless Pridgeon was negligent, no negligence could, under any circumstances, be imputed to the defendant company. That is to say, if the collision was without negligence on the part of the driver of the car, it could not be negligence on the part of anyone else. To say that Pridgeon was not negligent is to say that nobody in charge of the car was negligent, because it was his hand steering the car, and whatever injury occurred, if any, for which anybody was liable must have been through his agency; and this is sustained by all of the authorities * * *." 111 Or at 198.

*See also, Emmons v. Southern Pac. Co.,* 97 Or 263, 191 P 333 (1920); 1 Restatement (Second) of Agency § 217A (b) (1958); Restatement of Judgments §§ 96, 99 (1942).

We have already decided that defendant Zelle should not have been declared in default when this case came on for trial. The jury verdict in favor of Mc-Partland released defendant Zelle from any responsibility for plaintiff's injuries. For these reasons, the case must be reversed.

Under these circumstances our decisions hold the

case should be remanded for entry of judgment in favor of defendant Zelle rather than for a new trial. *Kraft v. Montgomery Ward & Co., Inc.,* 220 Or 230, 255, 315 P2d 558, 348 P2d 239 (1960); *Feazle v. Ind. Hosp. Ass'n,* 164 Or 630, 103 P2d 300 (1940).

Reversed and remanded with instructions to enter judgment in favor of defendant Zelle.