PETERSON, *Appellant,*
*v.*
DAY, *Respondent.*
(No. A76 07 09245, SC 25578)
584 P2d 253

John Toran, Jr., of Toran and Radich, Portland, argued the cause and filed a brief for appellant.

Eugene H. Buckle, Portland, argued the cause for respondent. On the brief were Austin W. Crowe, Jr., and Cosgrave & Kester, Portland.

Before Holman, Presiding Justice, and Tongue, Howell, Bryson, Lent and Linde, Justices.

HOWELL, J.

**HOWELL, J.**

Plaintiff filed an action to recover damages for personal injuries. The trial court allowed defendant's motion for summary judgment on the ground the action was barred by the two-year statute of limitations, ORS 12.110(1).

The accident in which plaintiff alleges he was injured occurred on January 29, 1975. The complaint was filed on July 2, 1976. The defendant's whereabouts were unknown, and plaintiff secured an order allowing service by publication. The affidavit seeking service by publication was clearly defective, and the purported service was quashed by the trial court on October 18, 1976.[1] On February 17, 1977, approximately two weeks after the two-year statute of limitations in ORS 12.110(1) had run, the plaintiff served the defendant by service on the Administrator of the Motor Vehicles Division (hereinafter Administrator) pursuant to ORS 15.190.

The defendant was represented by counsel for her insurance carrier, who filed an amended answer raising the bar of the statute of limitations as an affirmative defense. Later, plaintiff filed a motion for an order requiring counsel for defendant "to prove the authority under which he appears." Plaintiff also filed a notice to take the deposition of the absent defendant. When defendant failed to appear, plaintiff filed a motion to strike all of defendant's pleadings. The motion to "prove authority" and the motion to strike defendant's pleadings were denied. Defendant's motion for a summary judgment on the ground plaintiff's complaint was barred by the statute of limitations was allowed, and plaintiff appeals.[2]

---

[1] We note that counsel for plaintiff on appeal was not the counsel who filed the defective affidavit.

[2] Prior to the order allowing the summary judgment, plaintiff filed an amended motion to strike defendant's pleadings, including the motion for summary judgment.

[ 355 ]

■■ On appeal, plaintiff raises the question of whether "the insurance company" has standing to quash the service by publication and to raise the defense of the statute of limitations where the defendant's location is unknown to both parties. The plaintiff has cited no cases holding that the insurer for the alleged tortfeasor may not raise any available defense.[3] The contract of insurance requires the insurance carrier to defend any suit against the insured, and we see no reason why the carrier should be precluded from raising any legitimate legal defense to the action.

■■ Plaintiff argues that he was entitled to have defendant's pleadings stricken because the defendant did not appear for the taking of her deposition. The defendant's pleadings could be stricken only if her failure to appear was wilful. ORS 45.190. Only when the party has actual notice of the pending deposition can the subsequent failure to appear be characterized as wilful. *Sisk v. McPartland, Zelle,* 267 Or 116, 121, 515 P2d 179 (1973). Here, it is conceded that the defendant had no knowledge of the deposition and consequently plaintiff was not entitled to have defendant's pleadings stricken.

Finally, plaintiff argues that his service pursuant to ORS 15.190 on the Administrator on February 17, 1977, was timely even though it occurred later than the two-year statute of limitations contained in ORS 12.110(1). Subsection (1) of ORS 15.190 provides that a nonresident who uses the highways in Oregon in effect appoints the Administrator to be his attorney for service. The pertinent part of subsection (2), which was added in 1973, states:

> "* * * Likewise, each resident of this state, who, while operating a motor vehicle on the public highways

---

[3] *Tinsley v. Lombard,* 46 Or 9, 78 P 895, 114 AS 844 (1904), and *Bailey v. Universal Underwriters Ins.,* 258 Or 201, 474 P2d 746, *reh. den.* 482 P2d 158 (1971), cited by plaintiff, are not applicable. Neither case involved the issue presented here. In *Tinsley* the court held that a first mortgagee could not raise the statute of limitations to bar the rights of a second mortgagee. In *Bailey* the court discussed whether an insurance company could apply for relief from a default judgment entered against the insured.

of this state, is involved in any accident, collision or liability and thereafter within three years departs from or cannot be found within this state appoints the Administrator of the Motor Vehicles Division as his lawful attorney for service of summons as provided in this section for nonresidents. * * *" Or Laws 1973, ch 60.

Plaintiff contends that the above provision allows three years for service on the Administrator when the defendant is a resident motorist who departs the state or cannot be found within the state. The effect of such interpretation would be to extend the general two-year statute of limitations contained in ORS 12.110(1).

Although the action involved a nonresident under ORS 15.190(1) and was decided before the 1973 amendment, a similar situation was presented to this court in *Whittington v. Davis,* 221 Or 209, 350 P2d 913 (1960). There, plaintiff's complaint was filed within the two-year statute of limitations, but personal service on the defendant was not accomplished until four years after the accident. Plaintiff, as in this case, could have served the Administrator. The defendant raised the statute of limitations, but plaintiff contended that ORS 12.150, the statute which provides generally for the tolling of statutes of limitations when the defendant is out of state or concealed, was controlling over ORS 15.190, allowing for service on the Administrator. We held that ORS 15.190 was controlling, that plaintiff could have served the Administrator within the two-year statute, and, failing to do so, that the action was barred. *See also,* Annot., 17 ALR2d 502, 516 (1951).

It is clear in this case that the plaintiff could have accomplished service on the defendant before the two-year statute had run by serving the Administrator. If service on a nonresident under ORS 15.190 must be accomplished within two years, as decided in *Whittington,* we see no reason why a plaintiff suing a resident who has departed the state should be entitled to a three-year statute when service is available on the

Administrator. In fact, the legislative history of the 1973 amendment shows that the selection of three years for service on the Administrator instead of two years under ORS 12.110(1) was the result of a mistake by the legislature. The committee which was considering the amendment to provide three years believed ORS 12.110 was also to be amended to have "a uniform three-year statute of limitations." The amendment to ORS 12.110 did not occur, but the three-year limitation was not changed in ORS 15.190.[4]

Because plaintiff did not serve the Administrator within the two years allowed by ORS 12.110(1), the plaintiff's action is barred.

Affirmed.

---

[4] An excerpt from the House Judiciary Committee meeting of February 22, 1973, reads:

"The amendment proposed in subcommittee discussion was explained by Mr. Paillette with reference to three years on page 2. He pointed out that there was a bill before the Senate Judiciary Committee on a uniform three-year statute of limitations. If ORS 12.110 were amended, this limitation would be changed automatically whether it be three or two years. He stated an alternative would be to leave *HB 2100* as it is and let it be amended accordingly in the Senate to comply with any changes made in the general statute of limitations. He recommended the committee not amend this now, but send it out as it is. It would be taking a chance to anticipate what might be done with the general statute of limitations and running a risk of a conflict. Mr. Paillette suggested that if this bill were to pass the House he could call it to the attention of the committee to which it was referred of a possible conflict."