GRANT'S MECHANICAL, INC., *Respondent,*
*v.*
OLSON, *Appellant.*
(No. A7611-16420, SC 25598)

COUNTRY BUILDERS, INC., *Respondent,*
*v.*
OLSON, *Appellant.*
(No. A7611-16421, SC 25597)

584 P2d 1387

Terence J. Hammons of Hammons, Phillips & Jensen, Eugene, argued the cause and filed briefs for appellant.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were James D. Hibbard, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Before Holman,* Presiding Justice, and Howell, Bryson, and Linde, Justices.

BRYSON, J.

---

*Holman, P. J., did not participate in the decision of this case.

**BRYSON, J.**

In these cases, which have been consolidated for appeal, defendant asks to set aside default judgments entered against him after his pleadings were stricken for failure to appear for a deposition. We reverse and remand for trial.

The underlying actions were on accounts stated. Plaintiffs, who had furnished building materials to defendant, filed their complaints on November 19, 1976. Both plaintiffs are represented by the same counsel.

On September 21, 1977, plaintiffs' attorney mailed a notice of deposition to defendant's attorney. The deposition was set for October 3, 1977. Defendant did not appear for the deposition. Plaintiffs then moved to strike defendant's pleadings for failure to appear pursuant to ORS 45.190, which provided:[1]

> "If a party, or an officer or managing agent of a party, wilfully fails to appear before the officer who is to take his deposition after being served with a proper notice, the court in which the action, suit or proceeding is pending, on motion and notice, may, within the limitations required by due process, strike all or any part of any pleading of that party * * *."

Defendant's attorney filed an affidavit in opposition to the motion, alleging in part:

> "I am attorney for Defendant. I received the notice of deposition sent by Mr. Hibbard on September 26, 1977.
>
> "The defendant had no personal knowledge of the notice or the scheduled depositions. He had agreed to contact me during the week of September 26, but failed to do so for reasons unknown to me, although I do know that for the past several months he has been traveling extensively throughout the western United States in connection with a business venture."

The truth of this affidavit was not disputed by plaintiffs. Despite this affidavit, on October 19, 1977,

---

[1] This language was not changed by the amendment of the statute in 1977. Oregon Laws 1977, ch 358, § 7.

the trial court struck defendant's answer. Plaintiffs then moved for default judgments, which were granted, and defendant brought this appeal.

■■ The trial court erred in striking defendant's answer. ORS 45.190 allows this extreme penalty to be imposed only for *willful* failure to appear for a deposition. As we said in *Sisk v. McPartland, Zelle,* 267 Or 116, 121, 515 P2d 179 (1973):

> "We believe that the requirement in ORS 45.190, that the failure to attend the deposition be willful, indicates that the party must have actual notice of the deposition and not notice imputed from the knowledge of an agent attorney. The legislative aim is to discourage the deliberate obstruction of established discovery procedures. Only when the party has actual notice of the pending deposition can the subsequent failure to appear be accurately described in words such as 'willful,' 'conscious,' 'designed,' or 'intentional.' A failure to attend due to ignorance of the hearing is simply not a willful act. *Cf. Harris v. Harris,* 247 Or 479, 430 P2d 993 (1967). * * *."

*Compare Mestas v. Peters,* 280 Or 447, 571 P2d 888 (1977), in which we held that a plaintiff's complaint was properly stricken when plaintiff, who knew he was expected to attend a deposition, refused to do so. That case is clearly distinguishable from the case at bar. Here, the only information we have indicates that the defendant was *not* aware of the deposition.

Plaintiffs attempt to distinguish *Sisk* on the facts. We agree that the facts of the underlying action in *Sisk* were different from those in this case; however, we did not intend our statement of what constitutes willfulness under ORS 45.190 to depend on such background facts.[2] Plaintiffs have not offered any persuasive reasons to refuse to apply the *Sisk* standard of willfulness to this case.

Plaintiffs also argue that defendant's appeal must fail because defendant failed to plead further, "failed

---

[2]We recently reaffirmed our holding that willfulness depends on actual notice in *Peterson v. Day,* 283 Or 353, 584 P2d 253 (1978).

to respond in any manner to the motion for default judgment," and also failed to move the trial court to set aside the default judgments.

■■ However, there is no indication in the record that the trial court granted defendant leave to plead further. That being the case, any attempt by defendant to plead further would have been in the nature of a motion for reconsideration of the order striking the answers. Plaintiffs cite no authority, and we are aware of none, that would require such extraordinary effort to save an error for appeal. We hold that defendant was not required to attempt to plead further, in the absence of an invitation by the trial court to do so, in order to preserve his right of appeal. Further, once defendant's answers were stricken, the default judgments were foregone conclusions. The only basis for opposing such judgments would have been defendant's lack of actual notice of the deposition, but this argument had already been rejected by the trial court. We conclude that defendant did not waive the error by failing to contest the default judgment nor by failing to move the trial court for an order to set aside the default judgments.

■ Plaintiffs finally argue that the requirement of actual notice can delay the taking of depositions and generally impede the efficient processing of cases. Perhaps it does. However, we are not at liberty to modify statutes to suit the interests of efficiency. We adhere to our interpretation of the word "wilfully," as used in ORS 45.190.

Reversed and remanded for trial.