Lucy G. ROUSE

v.

Thomas J. CONNELLY, Jr.

No. 80–36–A.

Supreme Court of Rhode Island.

April 21, 1982.

Levy, Goodman, Semonoff & Gorin, Stephen F. Mullen, Providence, for plaintiff.

Robert L. Kiernan, Providence, for defendant.

---

OPINION

MURRAY, Justice.

This is a personal-injury action brought by the plaintiff, a Rhode Island resident, against a Massachusetts defendant. The trial justice granted the defendant's motion for summary judgment on the ground that the action was barred by the statute of limitations, and the plaintiff has appealed.

The facts of this case are not disputed. On May 1, 1975, Lucy G. Rouse (plaintiff) was injured while riding as a passenger in her own automobile. Thomas J. Connelly, Jr. (defendant), a Massachusetts resident, was driving plaintiff's car and, while traveling in Tiverton, Rhode Island, struck the rear of a parked truck. As a result of this accident, plaintiff suffered a fracture of her right arm and damage to her teeth. On May 8, 1978, plaintiff filed a complaint against defendant in accordance with G.L. 1956 (1968 Reenactment) §§ 31–7–6 and 31–7–7.[1]

It is not disputed that plaintiff failed to commence suit within the three-year limit prescribed for personal-injury actions by G.L.1956 (1969 Reenactment) § 9–1–14, as amended by P.L.1976, ch. 188, § 1. The plaintiff contends, however, that the statute of limitations was tolled in this case by § 9–1–18, which provides in pertinent part:

"If any person against whom there is or shall be cause for any action, hereinbefore enumerated, in favor of a resident of the state, shall at the time such cause accrue be without the limits thereof, or, being within the state at the time such cause accrues, shall go out of the state before said action shall be barred by the provisions of this chapter, and shall not have or leave property or estate therein that can be attached by process of law, then the person entitled to such action may commence the same, within the time

before limited, after such person shall return into the state in such manner that an action may, with reasonable diligence, be commenced against him by the person entitled to the same * * *."

The plaintiff further argues that § 9–1–18 was intended to protect Rhode Island plaintiffs and that its protection should not be withheld simply because §§ 31–7–6 and 31–7–7 provide an alternate means of proceeding against nonresident-motorist defendants.

The trial justice rejected this argument and stated in his decision that:

"[t]he legislative intent in enacting [§§ 31–7–6 and 31–7–7] was designed to protect residents who were involved in highway accidents from nonresidents in that it would permit suit to be brought on a Rhode Island accident in Rhode Island.
" * * *

"The philosophy behind 9–1–18 in tolling the statute is to protect the resident from the nonresident who is not amenable to process."

The trial justice then reasoned that "[s]ince the nonresident [motorist] is * * * subject to service and process, the statute of limitations on personal injury claims is not tolled and the plaintiff must commence her actions against the defendant within three years next after the accruing of such action."

We can find no fault with the reasoning of the trial justice on this point. Since the defendant in this case was amenable to suit through §§ 31–7–6 and 31–7–7, the plaintiff had no need of the special protection offered by § 9–1–18. To toll the statute of limitations when a defendant is amenable to suit by substituted service would permit the unnecessary and indefinite postponement of lawsuits against nonresident mo-

1. General Laws 1956 (1968 Reenactment) §§ 31–7–6 and 31–7–7 provide that a nonresident motorist is deemed, by virtue of operating a motor vehicle in this state, to have appointed the Registrar of Motor Vehicles as his or her attorney for service of process in any action arising out of any accident in which the nonres-

ident motorist becomes involved while operating a motor vehicle in this state. Notice of service upon the registrar and a copy of the process must be sent to the defendant at the address given on his or her registration or driver's license.

torists, a result clearly contrary to sound principles of judicial administration.[2]

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

2. It is noteworthy that the majority of jurisdictions also hold that a tolling statute is inapplicable to cases involving in-state motor vehicle accidents if there is statutory provision for substituted service of process upon a state official. *See, e.g., Coombs v. Darling*, 116 Conn. 643, 166 A. 70 (1933); *Hurwitch v. Adams*, 2 Storey 13, 52 Del. 13, 151 A.2d 286 (Del.Super.), *aff'd,* 2 Storey 247, 52 Del. 247, 155 A.2d 591 (1959); *Bolduc v. Richards*, 101 N.H. 303, 142 A.2d 156 (1958); *Peterson v. Day*, 283 Or. 353, 584 P.2d 253 (1978); *Reed v. Rosenfield*, 115 Vt. 76, 51 A.2d 189 (1947). For other cases on this point, *see* annot., 17 A.L.R.2d 502 (1951). *See also* annot., 55 A.L.R.3d 1158 (1974).