Argued and submitted October 14, 1987, affirmed July 20, 1988

BLEECK et al,
*Appellants,*

*v.*

MANGOLD et al,
*Respondents.*

(8605-85C; CA A43269)

757 P2d 456

Richard L. Weil, Portland, argued the cause and filed the brief for appellants.

Cameron R. Little, Vancouver, Washington, argued the cause for respondents. With him on the brief were Donald G. Grant, and Horenstein & Horenstein, P.S., Vancouver, Washington.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Plaintiffs appeal a summary judgment for defendants Mangold (Mangolds) on plaintiffs' claims for defamation. We affirm.

The affidavits and exhibits of the parties on defendants' separate motions for summary judgment establish the undisputed facts. In April, 1985, Mangolds retained Horenstein & Horenstein, P.S. (H & H), attorneys, to represent them in litigation against plaintiffs arising out of a joint venture agreement between plaintiffs, Mangolds and various corporations and individuals. On May 27, 1986, Grant, an attorney whom H & H employed, acting within the scope of his employment as attorney for Mangolds, sent a demand letter to potential defendants in the contemplated action, including corporate officers and attorneys performing ancillary services. The letter threatened litigation.

Plaintiffs commenced this action in June, 1986. They pleaded four claims for relief against Mangolds, including defamation of plaintiffs Bleek, the principals in the joint venture, and defamation of Sherar, Bleeks' attorney. They also pleaded the same defamation claims against defendants Grant and H & H. The court granted all defendants' motions for summary judgment on the defamation claims. It also granted Mangolds' motions for summary judgment on a third claim of plaintiffs. The court then certified that there was no just cause for the delay and entered judgment against plaintiffs in favor of all defendants on all three claims. ORCP 67B.[1] Plaintiffs did not appeal the judgments for defendants Grant or H & H on the defamation claims or the judgment for Mangolds on the third claim.

Plaintiffs assign as error that the court granted summary judgment to Mangolds on the defamation claims, arguing that there are genuine issues of material fact.[2] Mangolds

---

[1] The fourth claim concerned less than $10,000, and the court ruled that it should be transferred to District Court.

[2] It is disputed whether the letter was defamatory, and whether each of the persons to whom the letter was sent had a sufficient relationship to each of the allegedly defamatory statements to entitle defendants to summary judgment on the basis of an absolute privilege to make defamatory statements relating to current or anticipated litigation. *See Chard v. Galton,* 277 Or 109, 559 P2d 1280 (1977).

respond that the issues of fact are not material, because defendants Grant and H & H, for whose conduct plaintiffs seek to hold Mangolds vicariously liable, have been exonerated.

We agree. " '[W]here vicarious liability is asserted based solely on the wrongful act of the agent, exoneration of the agent exonerates the principal.' " *Sisk v. McPartland, Zelle,* 267 Or 116, 121, 515 P2d 179 (1973), *quoting Wiebe v. Seely, Administrator,* 215 Or 331, 352, 335 P2d 379, 389 (1959). Plaintiffs did not appeal the judgment for Grant and H & H, and it stands. Mangolds' agents, therefore, have been exonerated. Even assuming that the demand letter is defamatory and that defendants Grant and H & H are not fully protected by an absolute privilege, the only basis that plaintiffs assert on which to hold Mangolds liable is vicarious liability. Plaintiffs do not assert that there are material facts, disputed or undisputed, on which Mangolds could be liable other than vicariously. The record shows conclusively that Mangolds hired H & H, that Grant was employed by it and that he acted within the scope of his employment as the Mangolds' attorney when he drafted and sent the letter on their behalf.

Affirmed.